PASADENA CITY BOARD OF EDUCATION ET AL. *v.*
SPANGLER ET AL.

No. A–538.   Decided·December 22, 1975

MR. JUSTICE REHNQUIST, Circuit Justice.

Applicants, members of the Pasadena City Board of Education, have presented to me as Circuit Justice a request to stay an order entered by the United States District Court for the Central District of California pending disposition of their appeal to the Court of Appeals for the Ninth Circuit.   After two interim stays by single judges of the Court of Appeals, a panel of that court denied a further stay on December 2, 1975, but ordered expedited argument.

The District Court, in its ruling which applicants seek to stay, overturned applicants' action in establishing one of two "fundamental schools" in the summer of 1975.   It ruled that the burden was on applicants to prove that their action did not result in resegregation.   Finding that applicants had not met this burden, the court enjoined the creation of the new school and ordered its students returned to their previously assigned classrooms.   The result of the District Court's order and the subsequent stay rulings of the Court of Appeals is that if I decline to stay the order there will be at least some disruption of the school system in the middle of a school year.

Ordinarily a stay application to a Circuit Justice on a matter currently before a court of appeals is rarely granted, and were it not for the fact that this Court on November 11, 1975, granted certiorari on a related petition of applicants, *Pasadena City Board of Education* v. *Spangler,* No. 75–164, *ante,* p. 945, I would deny this application. But one of the issues presented in No. 75–164, is whether "a unitary school system which has been in compliance with a school desegregation decree for four years remain[s] subject indefinitely to the control of the trial court which entered the decree." In my opinion, should this Court reverse or significantly modify the conclusion of the Court of Appeals for the Ninth Circuit with respect to the above-quoted "question presented" in No. 75–164, there would be serious doubt as to the correctness of the order of the District Court which applicants now seek to stay.

Because under my analysis the critical event will not be the decision of the Court of Appeals on applicants' presently pending appeal, but rather the disposition by this Court of No. 75–164, It Is ORDERED that the order of the District Court in this case entered on October 8, 1975, is stayed pending disposition of No. 75–164 by this Court.

*Application granted.*