No. A–145.  HECKLER, SECRETARY OF HEALTH AND HUMAN SERVICES *v.* LOPEZ ET AL.  D. C. C. D. Cal.  Motion of respondents to vacate the stay entered by JUSTICE REHNQUIST on September 9, 1983 [463 U. S. 1328], denied.

JUSTICE STEVENS, with whom JUSTICE BLACKMUN joins, dissenting in part.

The Secretary of Health and Human Services (Secretary) has taken the position that she may, at any time, terminate the payment of disability benefits to persons who have previously been found to be disabled and entitled to benefits under Titles II and XVI of the Social Security Act notwithstanding the complete absence of evidence that the recipient's medical condition has improved.  In maintaining this position, the Secretary refused to follow the settled law in the Ninth Circuit, which requires her to adduce some evidence of medical improvement before terminating disability benefits.  See *Patti* v. *Schweiker,* 669 F. 2d 582 (1982); *Finnegan* v. *Matthews,* 641 F. 2d 1340 (1981).  Nevertheless, for

the purposes of the stay application under review, the Secretary assumes that the Ninth Circuit's interpretation of the law is correct. Her stay application was predicated entirely on procedural grounds. A review of the procedural history of the case is therefore necessary.

Respondents filed a class action in the United States District Court for the Central District of California challenging the Secretary's policy. On June 16, 1983, the District Court entered an injunction requiring the Secretary to comply with the law of the Ninth Circuit with respect to recipients of disability benefits who reside in that Circuit. The only portion of the District Court's injunction presently at issue in this Court is ¶4(c), which applies to all persons whose disability benefits have been terminated since August 30, 1981 (or August 25, 1980, in the case of recipients who were "grandfathered" into the federal program from state disability programs). Paragraph 4(c) enjoins the Secretary to notify all such persons that they may reapply for benefits, and upon reapplication, to reinstate their benefits pending a termination hearing at which the Secretary must produce some evidence of medical improvement.[1] It is this portion of the District Court's injunction which JUSTICE REHNQUIST, acting as Circuit Justice, stayed pending the Secretary's appeal to the Ninth Circuit. 463 U. S. 1328 (1983).

Today the Court declines to vacate the stay entered by JUSTICE REHNQUIST. Of course, in considering a motion of this kind, substantial deference must be paid to the judgment of the Circuit Justice. See Rosenberg v. United States, 346 U. S. 273, 286–287 (1953). The Circuit Justice's decision should not be disturbed simply because the other Members of the Court would have declined to grant the stay as an original matter. Nonetheless, there are cases in which reexamination is proper, see id., at 287–288; I am persuaded that this is such a case.

In JUSTICE REHNQUIST's view, the District Court's injunction extended to persons over whom the District Court had no jurisdiction. That conclusion does not, however, justify a stay of the injunction to the extent that it granted relief to persons over whom the District Court does have jurisdiction. Moreover, the extent of the overbreadth is less than JUSTICE REHNQUIST assumed when he was persuaded to enter his stay.

---

[1] Once the Secretary meets her burden of production, the burden of proof is on the recipient to prove he or she remains disabled.

The jurisdiction of the District Court over this action was based on 49 Stat. 624, as amended, 42 U. S. C. § 405(g) (1976 ed., Supp. V), which provides in pertinent part:

> "Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow."

Under the statute, persons whose benefits have been terminated must seek judicial review of their termination within 60 days of a "final decision" of the Secretary. It is my understanding that this class action was filed on February 4, 1983, and that the class certified by the District Court includes persons who were entitled to seek judicial review of an adverse final decision by the Secretary more than 60 days before February 4, 1983 (December 6, 1982), but who failed to do so. As I understand ¶ 4(c) of the injunction entered by the District Court, it grants relief to class members over whom the District Court had no jurisdiction—specifically, to class members who had received "final decisions" from the Secretary more than 60 days prior to February 4, 1983, and who had not timely sought judicial review. To the extent that the stay entered by JUSTICE REHNQUIST applies to such persons, I agree that it was properly entered. These persons' right to seek administrative or judicial review of their termination decisions had expired, and they could obtain benefits only by requesting that the Secretary reopen their cases. However, the District Court had no jurisdiction to review the Secretary's refusal to reopen these cases. *Califano* v. *Sanders*, 430 U. S. 99 (1977). Hence, the District Court had no jurisdiction over these persons and should not have granted them relief, see *Califano* v. *Yamasaki*, 442 U. S. 682, 701, 704 (1979); *Mathews* v. *Diaz*, 426 U. S. 67, 71, n. 3 (1976).

I believe, however, that the motion to vacate the stay should be granted insofar as it applies to persons who sought judicial review of a termination of their benefits ordered by the Secretary on or after December 6, 1982, and persons whose right to administrative review of that termination had not expired before December 6, 1982. As to these persons, I believe both the waivable and nonwaivable elements of 42 U. S. C. § 405(g) (1976 ed., Supp. V) were satisfied; hence the District Court had jurisdiction to enter injunctive relief.

The nonwaivable exhaustion requirement is simply the requirement that the Secretary have made some sort of decision on a claim for benefits. "The nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary. Absent such a claim there can be no 'decision' of any type. And some decision by the Secretary is clearly required by the statute." *Mathews* v. *Eldridge*, 424 U. S. 319, 328 (1976). As I understand the submissions of the parties, every class member had returned a questionnaire distributed by the Secretary and had thereby indicated in writing that he or she was still disabled and desired benefits. Thus, all of them had made adequate claims to continued benefits. Their benefits were terminated on the basis of a regulation that is assumed for the purpose of this proceeding to be invalid. In terminating benefits after receiving these questionnaires, it cannot be doubted that the Secretary knew these individuals claimed an entitlement to continue to receive disability benefits or that she then, by terminating their benefits, made a "decision" on the merits of their claims. That is all the nonwaivable element of the statute requires. As the Court expressly held in *Eldridge*, "§ 405(g) requires *only* that there be a 'final decision' by the Secretary with respect to the claim of entitlement to benefits." *Id.*, at 329 (emphasis supplied). In fact, the questionnaires returned by these respondents made the same claim and received the same decision that was held sufficient to satisfy the statute in *Mathews* v. *Eldridge*.[2]

---

[2] With respect to the nonwaivable requirement, the *Eldridge* Court wrote: "Eldridge has fulfilled this crucial prerequisite. Through his answers to the state agency questionnaire, and his letter in response to the tentative determination that his disability had ceased, he specifically presented the claim that his benefits should not be terminated because he was still disabled. This claim was denied by the state agency and its decision was accepted by the [Secretary]." 424 U. S., at 329.

All the members of the respondent class answered a questionnaire substantially identical to the one Eldridge answered, indicating that they believed they were still disabled and entitled to benefits. Thus, each class member specifically presented a "claim." The only difference between this case and Eldridge's is that in response to the letter informing Eldridge that he would be terminated and requesting any additional evidence Eldridge might choose to submit, Eldridge wrote a letter. Some unidentified percentage of the respondent class presumably also wrote letters similar to this one, and in any event the Secretary does not rely on the absence of a letter to distinguish this case from *Eldridge*. Moreover, Eldridge's letter hardly added to the "claim" he had already presented. In fact the letter did little more than state that

*Mathews* v. *Eldridge* also makes it clear that the waivable element of the statute has been satisfied. As was true in that case, further administrative review might have enabled a claimant to recover retroactive benefits but could not have vindicated the right to have correct procedures followed *before* the request for continued benefits was denied. As I understand respondents' position on the merits, they assert that a recipient need not respond at all to a claim that he or she is no longer disabled unless the Secretary first comes forward with some evidence that his or her condition has improved. There is no way that right can be vindicated in the administrative process—the Secretary has already taken a firm position on the issue which the administrative judges are not free to ignore.[3] Even if the recipient is ultimately determined to be eligible for benefits for some other reason, the administrative process cannot vindicate the right asserted in this litigation, and hence further exhaustion of administrative remedies as to the claim made in this case is unnecessary. *Eldridge, supra,* at 330–332. When exhaustion is futile, this element may be deemed waived even over the Secretary's objection. *Mathews* v. *Diaz, supra,* at 75–77; see also *Eldridge, supra,* at 328, 330. I agree with JUSTICE REHNQUIST that respondents' contention that their claim is a "constitutional" one should be disregarded, but it should make no difference whether plaintiffs' claim is based on the statute or the Constitution. Even as to a statutory claim which could not be sustained on administrative review, "further exhaustion would not merely be futile for the applicant, but would also be a commitment of administrative resources unsupported by any administrative or judicial interest." *Weinberger* v. *Salfi,* 422 U. S. 749, 765–766 (1975). Congress could not have intended such a result.[4]

---

Eldridge believed the Secretary already had enough evidence to decide the case. See *id.*, at 324; App. in *Mathews* v. *Eldridge,* O. T. 1974, No. 74–204, pp. 13–14. This letter was hardly a new "claim"; Eldridge's "claim" which satisfied the nonwaivable element of the statute had already been made.

[3] "It is unrealistic to expect that the Secretary would consider substantial changes in the current administrative review system at the behest of a single aid recipient . . . in an adjudicatory context." 424 U. S., at 330.

[4] It is not clear that the Secretary disagrees with my view. In her memorandum opposing respondents' application to vacate the stay, she accepts the propriety of the District Court's injunction as to persons that have exhausted their administrative remedies within 60 days of the filing of this action, and argues, correctly in my view, that the stay was proper as to persons whose

884

In reaching this conclusion, I express no opinion on the merits of the underlying controversy because the Secretary has assumed, for the purpose of our consideration of the stay application, that the Ninth Circuit's requirement that the Secretary produce some evidence of medical improvement is sound.

Of course, in considering the motion to vacate the stay, it is also essential to balance the equities. However, as JUSTICE REHNQUIST recognized, the equities in this case strongly favor respondents, who are elderly, sick, or disabled persons to whom disability benefits may be crucial. Moreover, as JUSTICE REHNQUIST also recognized, this is a stay pending appeal to the Court of Appeals rather than a stay pending disposition of a petition for certiorari to this Court, and in such a case the granting of a stay by a Circuit Justice should be extremely rare and great deference should be shown to the judgment of the Court of Appeals. When these factors are also considered, I am compelled to conclude that the stay entered by JUSTICE REHNQUIST should be modified.

In summary, I would grant the motion to vacate the stay insofar as it relates to those class members (a) whose benefits were terminated on or after December 6, 1982, as well as (b) those whose right to seek administrative review of the termination of their benefits had not expired as of December 6, 1982. To the extent that the Court declines to modify the stay in this fashion, I respectfully dissent.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

Before the Court is an emergency motion to vacate a stay granted by JUSTICE REHNQUIST pending appeal to the United States Court of Appeals for the Ninth Circuit. 463 U. S. 1328 (1983). In my view, the merits of the underlying jurisdictional issues are far from certain, while the equities clearly favor the class

---

right to review had expired more than 60 days before the filing of the suit. She goes on to argue only that the injunction should not apply to persons who are still pursuing their administrative remedies at this time. She does not explicitly quarrel with my conclusion that the District Court's injunction was proper as to all other persons whose right to seek administrative review had not expired as of December 6, 1982. Therefore, it appears that my only difference with the Secretary is that I would not require persons currently seeking administrative review to exhaust what is a futile remedy.

of recipients whose disability benefits have been terminated. I would therefore vacate the stay.

The stay is specifically directed at ¶4(c) of a preliminary injunction issued by the District Court, which would have required that the Secretary reinstate the disability benefits of any applicant who requests such reinstatement in response to a notice already distributed by the Secretary. The stayed portions of the injunction also would have allowed the Secretary to terminate these benefits, after subsequent hearings, but only if the Secretary properly applied prior decisions of the Court of Appeals for the Ninth Circuit when conducting those hearings. See *Patti* v. *Schweiker*, 669 F. 2d 582 (1982), and *Finnegan* v. *Matthews*, 641 F. 2d 1340 (1981) (in hearings to terminate disability benefits on the ground that the recipient is no longer disabled, the Secretary has burden of producing evidence of an improvement in medical condition). Thus, the question presented by the motion to vacate JUSTICE REHNQUIST's stay is whether the payment of interim benefits to approximately 30,000 disabled individuals whose Social Security benefits have been terminated by the Secretary should be continued pending final decision on the merits by the Court of Appeals.

The standard traditionally applied by a Circuit Justice when considering a stay application is whether there is a reasonable probability that four Justices would vote to grant certiorari, whether there is a fair prospect that a majority of the Court would conclude that the decision below was erroneous, and whether a balancing of the equities suggests that a stay should or should not be granted. See *Gregory-Portland Independent School District* v. *United States*, 448 U. S. 1342 (1980) (REHNQUIST, J., in chambers); *Rostker* v. *Goldberg*, 448 U. S. 1306, 1308 (1980) (BRENNAN, J., in chambers). Included within this last criterion, of course, is consideration of whether the applicant has demonstrated that irreparable harm is likely to result from the denial of the stay. Moreover, given the respect that is accorded interlocutory decisions of the lower federal courts, a stay application to a Circuit Justice on a matter still pending before a court of appeals, and on which the lower courts have already denied an interim stay, should be granted only in the most extraordinary cases. See *O'Rourke* v. *Levine*, 80 S. Ct. 623, 624, 4 L. Ed. 2d 615, 616 (1960) (Harlan, J., in chambers).

JUSTICE REHNQUIST accepted the conclusion of the lower court that the "balance of hardships tips sharply toward the [recipients]." He nonetheless granted the stay because he was of the view that the likelihood that the Secretary would prevail on the various jurisdictional issues raised negates giving controlling consideration to the irreparable harm caused by the stay. I am not as optimistic, however, about the prospects for success on the merits of the Secretary's claims, and therefore I find the overwhelming hardships imposed on the recipients to be determinative.

For purposes of the present motion, I accept JUSTICE REHNQUIST's conclusion that there is a reasonable probability that issues relating to the proper scope of the injunction issued by the District Court would garner enough votes for plenary consideration by the Court. I do not agree, however, that there is a fair prospect of success on the merits of these claims such that the Court ultimately would vacate or substantially amend the injunction issued by the District Court. When refusing to issue a stay pending appeal, the Court of Appeals filed a lengthy opinion clearly explaining why the beneficiaries in this case satisfied the jurisdictional requirements of 42 U. S. C. §§ 405(g), 405(h) (1976 ed. and Supp. V). 713 F. 2d 1432 (1983). Specifically, the court concluded (1) that termination of benefits by the Secretary satisfies the nonwaivable requirement that recipients first present a claim to the Secretary, see, e. g., Mathews v. Eldridge, 424 U. S. 319, 328–330 (1976); Wilson v. Edelman, 542 F. 2d 1260, 1270–1271 (CA7 1976); (2) that the waivable requirement of a final decision by the Secretary has been met because regulations made exhaustion of administrative remedies futile or, alternatively, because exhaustion of the recipients' constitutional claim is not required, see, e. g., Mathews v. Diaz, 426 U. S. 67, 75–77 (1976); and (3) that the requirement that appeals be filed within 60 days of the Secretary's decision has been waived by the Secretary due to her failure to raise the issue before the District Court. Although after plenary consideration I might agree with much of JUSTICE STEVENS' analysis, I do not believe it is necessary at this time to provide further support for the conclusions reached by the Court of Appeals. Suffice it to say that, largely for the reasons stated by that court's opinion, and for the reasons specified by the large body of case law to which that opinion referred, I am

far from convinced that the injunction issued by the District Court was jurisdictionally barred. See also *Kuehner* v. *Schweiker*, No. 82–1514 (CA3 Sept. 19, 1983). Indeed, even if, as JUSTICE STEVENS suggests, one or more of these holdings eventually proves erroneous and thereby eliminates jurisdiction over some members of the class, it is indisputable that many remaining recipients have properly presented their claims to the District Court. Accordingly, the probability of success on the merits is clearly not as certain as JUSTICE REHNQUIST has suggested.

Nor does the alleged judicial interference in the administrative process, which JUSTICE REHNQUIST's opinion emphasized, add to the likely success of the Secretary's appeal. In the situation presented by this motion, it is clear to me that it is the Secretary who has not paid due respect to a coordinate branch of Government by expressly refusing to implement the binding decisions of the Ninth Circuit. This is, indeed, the essence of the recipients' constitutional allegation of nonacquiescence on the part of the Secretary.

At most, therefore, the likelihood of success on the merits is very much in doubt. Therefore, when considering whether or not to grant a stay pending appeal, this factor cannot by itself dictate the result. Rather, it becomes necessary to balance the equities; and, in my view, the overwhelming evidence of irreparable harm that accompanies any termination of disability benefits should be the determinative factor in this emergency application.

As noted, on this consideration JUSTICE REHNQUIST accepted the lower courts' assessment of the comparative harms. I agree. Indeed, as the courts below correctly concluded, termination of the benefits in this case has caused "deprivation of life's necessities, further illness, or even death from the very disabilities that the Secretary deemed [the class members] not to have." Any financial or administrative inconvenience suffered by the Secretary cannot outweigh, or even approach, the human suffering that has been imposed on those disabled recipients of Social Security benefits who have been wrongfully terminated. And as the courts below noted, the potential payment of retroactive benefits after final decision in this case will do little to compensate the recipients for their current deprivations.

In sum, there is little question in my mind that the extraordinary circumstances necessary to stay the decision of the lower

court cannot be found in this case. Accordingly, I would grant the emergency motion to vacate the stay, and allow the ordinary appeals process to proceed.