HECKLER, SECRETARY OF HEALTH AND HUMAN
SERVICES *v.* REDBUD HOSPITAL DISTRICT

No. A–32.   Decided July 24, 1985

JUSTICE REHNQUIST, Circuit Justice.

Applicant, the Secretary of Health and Human Services (Secretary), asks that I stay an order entered by the United States District Court for the Northern District of California pending disposition of her appeal to the Court of Appeals for the Ninth Circuit.  This suit began as a challenge by the operator of a single hospital, Redbud Hospital District (Redbud), to its Medicare reimbursement rate.  In addition to affording Redbud itself preliminary relief, the District Court, in a "preliminary injunction" dated July 30, 1984, and a "modification" of that injunction dated June 14, 1985, required the Secretary to promulgate, by July 1, 1985, nation-

wide regulations providing hospitals like Redbud with rights to immediate administrative review and enhanced reimbursement for inpatient services. On June 28, 1985, a two-judge panel of the Ninth Circuit denied the Secretary's request for an emergency stay. On July 1, 1985, the Secretary published the regulations in question "under protest." 50 Fed. Reg. 27208, to be codified in 42 CFR § 412. Absent a stay, these regulations will go into effect on August 1, 1985. After considering both the Secretary's application and Redbud's response, I have decided to grant in part and deny in part the Secretary's request for a stay.

Section 1886(d) of the Social Security Act, added by the Social Security Amendments Act of 1983, Pub. L. 98–21, 97 Stat. 152, 42 U. S. C. § 1395ww(d) (1982 ed., Supp. I), established a prospective payment system (PPS) for Medicare payment to hospitals furnishing inpatient services to Medicare beneficiaries. Under this system, payment is made at a predetermined rate for each hospital discharge. The rate is based in part on a "hospital specific" rate, which in turn is based on the hospital's actual operating costs during a particular "base year." See 42 U. S. C. § 1395ww(d)(1) (1982 ed., Supp. I). The Secretary has delegated to "fiscal intermediaries" the responsibility for calculating the hospital-specific rate for each of the hospitals participating in the Medicare program.

Redbud, the operator of a sole community hospital in Cleardale, California, brought this suit against the Secretary on June 26, 1984, challenging the fiscal intermediary's determination of Redbud's hospital-specific rate. Redbud alleged that it would suffer losses of approximately $20,000 per month unless its hospital-specific rate were adjusted to reflect recent capital improvements completed after the close of its base year. In its prayer for relief, Redbud requested (1) a declaratory judgment that the Secretary must allow the intermediary to adjust Redbud's hospital-specific rate to account for costs not reflected in the base year, (2) a preliminary and permanent injunction barring the Secretary

"from implementing Medicare reimbursement to Redbud under PPS unless such reimbursement accounts for" those costs, and (3) an order requiring the Secretary "to instruct the intermediary to account for [those] costs." Redbud did not seek the promulgation of nationwide regulations.

The Secretary moved to dismiss the complaint on the ground that Redbud had not obtained a final agency determination properly subject to either administrative or judicial review, and that the court therefore had no jurisdiction over Redbud's claim. Apparently in response to this motion, Redbud then requested a hearing before the Provider Reimbursement Review Board (Board) to review the intermediary's refusal to make the requested adjustments to Redbud's hospital-specific rate. On July 17, 1984, the Board sent a response stating that, pursuant to a ruling of the Health Care Financing Administration, 49 Fed. Reg. 22413 (1984), it was "unable to accept" Redbud's request for a hearing because that request was premature. On July 30, 1984, the District Court denied the Secretary's motion to dismiss, holding that it had "jurisdiction under 42 U. S. C. § 1395oo to review the Board's decision of July 17, 1984." The District Court went on to state that it "also has jurisdiction under the All Writs Act to issue an injunction maintaining the status quo in this case pending agency action." Relying on these jurisdictional findings, the District Court then entered a "preliminary injunction" that "remanded" the case to the Secretary with instructions to promulgate "regulations or written policies" that (a) "take into account" the "extraordinary and unusual costs not necessarily reflected in a hospital's base year costs"; (b) "take into account the special needs of hospitals serving a disproportionate number of Medicare and low-income patients"; (c) "take into account . . . the special needs of sole community hospitals and the unique effects of their status upon the hospital-specific rate"; and (d) "provide for timely and reasonable review" of intermediary estimates of hospital-specific rates under the PPS program. As to Redbud itself,

the District Court ordered Redbud's intermediary to "reconsider" its estimate of Redbud's hospital-specific rate

> "in light of regulations promulgated in accordance with the foregoing.
>
> "Pending compliance with this order and until further order of the court, defendant is enjoined from imposing the pre-payment system upon [Redbud] or otherwise reducing [Redbud]'s current level of reimbursement."

No date was set for compliance with the "preliminary injunction."

In the spring of 1985, the parties filed a number of motions in the District Court, all of which were heard on May 20, 1985. Redbud asked, *inter alia*, that the court modify the "preliminary injunction" by requiring the Secretary to publish, by July 1, 1985, the "regulations or written policies" described in the court's original order. The Secretary moved to dissolve the injunction, renewing her argument that the District Court lacked jurisdiction.

At the May 20 hearing, the District Court stated that it would grant Redbud's motion "to modify the preliminary injunction." On June 14, 1985, the District Court entered an order stating that "[t]he following paragraph will be added to this court's July 1984 order:

> "The Secretary shall publish these implementing regulations in the *Federal Register* as an interim final rule by no later than July 1, 1985, effective August 1, 1985. A 45-day comment period shall follow publication of the interim final rule. The regulations shall be published in the *Federal Register* as a final rule no later than October 1, 1985."

The obligation of a Circuit Justice in considering the usual stay application is "to determine whether four Justices would vote to grant certiorari, to balance the so-called 'stay equities,' and to give some consideration as to predicting the final

outcome of the case in this Court." *Gregory-Portland Independent School District* v. *United States*, 448 U. S. 1342 (1980) (REHNQUIST, J., in chambers). In this case, however, the Secretary is not asking for the usual stay of a judgment of the Court of Appeals pending the disposition of a petition for certiorari in this Court. She asks instead that I grant a stay of the District Court's order pending appeal to the Ninth Circuit when the Ninth Circuit itself has refused to issue the stay. As is often noted, "'a stay application to a Circuit Justice on a matter before a court of appeals is rarely granted.'" *Atiyeh* v. *Capps*, 449 U. S. 1312, 1313 (1981) (REHNQUIST, J., in chambers) (quoting *Pasadena Board of Education* v. *Spangler*, 423 U. S. 1335, 1336 (1975) (REHNQUIST, J., in chambers)). Nevertheless, for the reasons set out below, I believe that the present case is sufficiently unusual to warrant granting a partial stay of the District Court's order.

In arguing for a stay, the Secretary contends that there is a "strong probability" that the District Court's order will be overturned on one of three distinct grounds. First, she claims that the District Court exceeded its jurisdiction in reaching the merits of Redbud's claim for additional reimbursement. Even if the Board's July 17, 1984, ruling that Redbud's administrative claim was premature is a judicially reviewable final decision under 42 U. S. C. § 1395*oo*(f) (1982 ed., Supp. I), the scope of the District Court's review was limited to the Board's own jurisdictional determination. Second, the Secretary argues that the District Court's use of a "preliminary injunction" to compel "publication of nationwide regulations is unprecedented, unwarranted, and a clear abuse of the court's power to fashion preliminary relief." And third, the Secretary asserts that in deeming the regulations in question mandated by Congress the District Court "clearly misconstrued" the relevant provisions of the Medicare statute.

However the Ninth Circuit may decide these questions on appeal, I am not at all certain that four Members of this

Court would be inclined to review either the "finality" of the Board's July 17, 1984, ruling or the District Court's conclusions on the merits. I do believe, however, that the District Court's use of a "preliminary injunction" to require the Secretary to issue regulations of nationwide application would prompt at least four Members of this Court to grant review should the Court of Appeals affirm that aspect of the District Court's order.

Federal district courts have jurisdiction under 42 U. S. C. § 1395oo(f) (1982 ed., Supp. I) to review "any final decision of the Board" in suits brought by providers of Medicare services such as Redbud. Judicial review under § 1395oo(f) is sharply circumscribed, however, see, e. g., V. N. A. of Greater Tift County, Inc. v. Heckler, 711 F. 2d 1020, 1024–1027 (CA11 1983), and I am persuaded that the section does not authorize the kind of sweeping "preliminary" relief awarded by the District Court here. Nor do I believe that such relief is authorized, as the District Court thought, by the All Writs Act, 28 U. S. C. § 1651(a), which encompasses a limited judicial power to preserve the status quo while administrative proceedings are in progress and to prevent impairment of the effective exercise of appellate jurisdiction. See FTC v. Dean Foods Co., 384 U. S. 597, 603–604 (1966). The District Court's requirement that the Secretary promulgate new nationwide regulations cannot possibly be justified as necessary to preserve the status quo. Redbud's interest in maintaining the status quo is protected by that part of the District Court's order, which I do not stay, that enjoins the Secretary from applying the prospective payment system to Redbud or "otherwise reducing [Redbud]'s current level of reimbursement" without making the requested adjustments. In its complaint Redbud did not even seek regulatory reform. Nor can I view the regulations as in any way necessary to the effective exercise of appellate jurisdiction. The District Court's July 30, 1984, and June 14, 1985, orders, in combination, are a far cry from "the usual 'prohibitory' injunction which merely freezes the positions of the parties until the

court can hear the case on the merits." *Heckler* v. *Lopez*, 463 U. S. 1328, 1333 (1983) (REHNQUIST, J., in chambers). Plainly, I think, the District Court has inappropriately used its "preliminary injunction" as a vehicle for final relief on the merits. *University of Texas* v. *Camenisch*, 451 U. S. 390, 395 (1981).

The new regulations will at least require significant readjustment in the administration of PPS and will therefore cause hardship to the applicant. More important, the District Court's requirement that the Secretary promulgate new regulations is plainly not necessary to protect Redbud's interests in this litigation. I think the "stay equities" favor the applicant.

Accordingly, I grant the application of the Secretary to stay the preliminary injunction of the District Court, as modified, pending determination of the Secretary's appeal by the Court of Appeals for the Ninth Circuit, but only insofar as the injunction orders the Secretary to promulgate and apply nationwide regulations. In all other respects the application for a stay is denied.