UNITED STATES POSTAL SERVICE *v.* NATIONAL
ASSOCIATION OF LETTER CARRIERS, AFL–CIO

No. A–820.   Decided May 21, 1987

CHIEF JUSTICE REHNQUIST, Circuit Justice.

Applicant United States Postal Service asks that I stay the
mandate of the Court of Appeals for the District of Columbia
Circuit enforcing an arbitrator's decision that applicant rein-
state Edward Hyde as a postal worker.   In 1984, Hyde was
convicted of unlawful delay of the mail by a postal employee
after postal inspectors found more than 3,500 pieces of un-
delivered mail in his possession.   The Postal Service dis-

charged Hyde for dereliction of duty. Respondent filed a grievance against applicant on Hyde's behalf, seeking arbitration. The arbitrator ordered that applicant reinstate Hyde after a 60-day medical leave of absence. Applicant filed suit, seeking to set aside the award as contrary to public policy. The District Court set aside the arbitrator's decision, finding that the Postal Service must retain the power to remove employees who breach the public trust and hamper the strong public interest in ensuring prompt delivery of the mails. 631 F. Supp. 599 (DC 1986). The Court of Appeals reversed, holding that a court may set aside an arbitrator's award as contrary to public policy only when the award itself violates established law or compels unlawful conduct. 258 U. S. App. D. C. 260, 810 F. 2d 1239 (1987).

The standards for granting a stay pending a petition for certiorari are well settled: a Circuit Justice is required "'to determine whether four Justices would vote to grant certiorari, to balance the so-called "stay equities," and to give some consideration as to predicting the final outcome of the case in this Court.'" *Heckler* v. *Redbud Hospital District*, 473 U. S. 1308, 1311 (1985) (REHNQUIST, Circuit Justice), quoting *Gregory-Portland Independent School District* v. *United States*, 448 U. S. 1342 (1980).

In my view, the applicant has satisfied these requirements. There is a reasonable probability that four Justices will eventually grant certiorari in this case. The Court has already granted certiorari in *Misco, Inc.* v. *United Paperworkers International Union*, 768 F. 2d 739 (CA5 1985), cert. granted, 479 U. S. 1029 (1987), which raises the identical issue: the scope of the public policy exception to enforcement of arbitration awards. Although that case presents the issue in the context of a private employer, the applicant presents a stronger case for setting aside the arbitrator's award because it operates under a statutory mandate to ensure prompt delivery of the mails. See 39 U. S. C. §101(a). Moreover, I find that the stay equities favor the applicant. Even the

temporary reinstatement of Hyde, a convicted criminal, will seriously impair the applicant's ability to impress the seriousness of the Postal Service's mission upon its workers. While Hyde does have some interest in returning to his position, he has not worked for the applicant for almost three years. Continuation of the status quo will not work an irreparable harm on Hyde, but it will preserve the applicant's ability to carry out its legal obligations.

The application for a stay of the Court of Appeals' mandate pending the filing and disposition of a petition for certiorari is granted.