APRIL 2, 1993

No. A–742. FARGO WOMEN'S HEALTH ORGANIZATION ET AL. *v.* SCHAFER, GOVERNOR OF NORTH DAKOTA, ET AL. D. C. N. D. Application for stay and injunction pending appeal, presented to JUSTICE BLACKMUN, and by him referred to the Court, denied. The order heretofore entered by JUSTICE BLACKMUN on March 31, 1993, is vacated. JUSTICE BLACKMUN and JUSTICE STEVENS would grant the application.

JUSTICE O'CONNOR, with whom JUSTICE SOUTER joins, concurring.

Applicants challenged certain provisions of the North Dakota Abortion Control Act, N. D. Cent. Code §§ 14–02.1–01 to 14–02.1–12 (1991), in the United States District Court for the District of North Dakota. Relying on our decision in *United States* v. *Salerno,* 481 U. S. 739 (1987), the District Court granted summary judgment against applicants. The court reasoned that applicants could not mount a successful facial challenge because they were unable to show that "'no set of circumstances exists under which the [challenged provisions] would be valid.'" *Fargo Women's Health Organization* v. *Skinner,* No. A3–91–95 (Feb. 19, 1993) (quoting *Salerno, supra,* at 745). The court denied applicants' motion for a stay and injunction pending appeal. See *Fargo Women's Health Organization* v. *Schafer,* No. A3–91–95 (Mar. 9, 1993). The Court of Appeals for the Eighth Circuit also denied a motion for stay and injunction pending appeal. It agreed with the District Court that the *Salerno* standard applied and concluded that this Court's decision last Term in *Planned Parenthood of Southeastern Pa.* v. *Casey,* 505 U. S. 833 (1992), did not counsel a different approach. See *Fargo Women's Health Organization*

v. *Schafer*, No. 93–1579 (Mar. 30, 1993). The appeal was expedited, and argument is scheduled for April 14, 1993.

Applicants now ask us for a stay of the District Court's judgment and for injunctive relief. When a matter is pending before a court of appeals, it long has been the practice of Members of this Court to grant stay applications only "upon the weightiest considerations." *O'Rourke* v. *Levine*, 80 S. Ct. 623, 624, 4 L. Ed. 2d 615, 616 (1960) (Harlan, J., in chambers). Accord, *Certain Named and Unnamed Non-Citizen Children and Their Parents* v. *Texas*, 448 U. S. 1327, 1330 (1980) (Powell, J., in chambers); see also *Heckler* v. *Redbud Hospital Dist.*, 473 U. S. 1308, 1312 (1985) (REHNQUIST, J., in chambers) ("[A] stay application to a Circuit Justice on a matter before a court of appeals is rarely granted" (internal quotation marks omitted)); *Heckler* v. *Lopez*, 464 U. S. 879, 884 (1983) (STEVENS, J., joined by BLACKMUN, J., dissenting in part) ("[I]n such a case the granting of a stay by a Circuit Justice should be extremely rare and great deference should be shown to the judgment of the Court of Appeals"). Consistent with that practice, I vote to deny the stay application. I do not believe applicants have demonstrated that this is one of those rare and exceptional cases in which a stay pending appeal is warranted.

I write separately, however, to point out that our denial of relief should not be viewed as signaling agreement with the lower courts' reasoning. In my view, the approach taken by the lower courts is inconsistent with *Casey*. In striking down Pennsylvania's spousal-notice provision, we did not require petitioners to show that the provision would be invalid in *all* circumstances. Rather, we made clear that a law restricting abortions constitutes an undue burden, and hence is invalid, if, "in a large fraction of the cases in which [the law] is relevant, it will operate as a substantial obstacle to a woman's choice to undergo an abortion." *Casey*, 505 U. S., at 895. And the joint opinion specifically examined the record developed in the District Court in determining that Pennsylvania's informed-consent provision did not create an undue burden. See *id.*, at 885–887 (opinion of O'CONNOR, KENNEDY, and SOUTER, JJ.). While I express no view as to whether the particular provisions at issue in this case constitute an undue burden, I believe the lower courts should have undertaken the same analysis.