NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

SAN DIEGANS FOR THE MT. SOLEDAD NATIONAL WAR MEMORIAL

05A1233          *v.*

PHILIP K. PAULSON

CITY OF SAN DIEGO, CALIFORNIA

05A1234          *v.*

PHILIP K. PAULSON

ON APPLICATIONS FOR STAYS

Nos. 05A1233 and 05A1234.   Decided July 7, 2006

JUSTICE KENNEDY, Circuit Justice.

In this long-running federal-court litigation the United States District Court for the Southern District of California has ordered that, within 90 days of May 3, 2006, the city of San Diego, California, must comply with an earlier injunction, affirmed on appeal, that barred the city from maintaining a prominent Latin cross at a veterans' memorial on city property. The premise of the injunction was that the cross' permanent presence there violates the California State Constitution. See *Murphy* v. *Bilbray*, 782 F. Supp. 1420, 1426–1427, 1438 (SD Cal. 1991), aff'd, *Ellis* v. *La Mesa*, 990 F. 2d 1518, 1520 (CA9 1993), cert. denied *sub nom. San Diego* v. *Paulson*, 513 U. S. 925 (1994); see also *Paulson* v. *San Diego*, 294 F. 3d 1124, 1133, and n. 7 (CA9 2002) (en banc) (holding that a proposed sale of the memorial violated the state constitution), cert. denied, 538 U. S. 978 (2003). The city has appealed from the District Court's order to the United States Court of Appeals for the Ninth Circuit. The Court of Appeals has ordered expedited briefing and scheduled oral argument for the week of October 16, 2006; it denied, however, a motion to stay the District Court's order pending appeal. In No. 05A1234,

the city of San Diego has applied to me, as Circuit Justice, for a stay pending appeal. In No. 05A1233, the San Diegans for the Mt. Soledad National War Memorial, a proposed intervenor in the case, likewise applies for a stay. On July 3, 2006, I issued a temporary stay pending further order. I now grant the city's application, while denying the proposed intervenor's application as moot.

In considering stay applications on matters pending before the Court of Appeals, a Circuit Justice must "try to predict whether four Justices would vote to grant certiorari should the Court of Appeals affirm the District Court order without modification; try to predict whether the Court would then set the order aside; and balance the so-called 'stay equities.'" *INS* v. *Legalization Assistance Project of Los Angeles County Federation of Labor,* 510 U. S. 1301, 1304 (1993) (O'Connor, J., in chambers)); see also, *e.g., Heckler* v. *Redbud Hospital Dist.,* 473 U. S. 1308, 1311–1312 (1985) (Rehnquist, J., in chambers). "This is always a difficult and speculative inquiry." *Legalization Assistance Project, supra,* at 1304. Although "a stay application to a Circuit Justice on a matter before a court of appeals is rarely granted," *Heckler,* 473 U. S., at 1312 (internal quotation marks omitted), consideration of the relevant factors leads me to conclude that a stay is appropriate in this case.

To begin with, the equities here support preserving the status quo while the city's appeal proceeds. Compared to the irreparable harm of altering the memorial and removing the cross, the harm in a brief delay pending the Court of Appeals' expedited consideration of the case seems slight. In addition, two further factors make this case "sufficiently unusual," *ibid.*, to warrant granting a stay. First, a recent Act of Congress has deemed the monument a "national memorial honoring veterans of the United States Armed Forces" and has authorized the Secretary of the Interior to take title to the memorial on behalf of the United States if the city offers to donate it. §116, 118

Stat. 3346.  Because this legislation postdates the Court of Appeals' previous decisions in this case, its effect on the litigation has yet to be considered.  Second, San Diego voters, seeking to carry out the transfer contemplated by the federal statute, have approved a ballot proposition authorizing donation of the monument to the United States.  While the Superior Court of California for the County of San Diego has invalidated the ballot proposition on the grounds that the proposed transfer would violate the California Constitution, *Paulson* v. *Abdelnour*, No. GIC–849667 (Oct. 7, 2005), p. 35, the California Court of Appeal for the Fourth Appellate District has issued an order expediting the city's appeal of the Superior Court decision, see *Paulson* v. *Abdelnour*, No. D047702 (June 20, 2006).

If the state appellate court reverses the Superior Court and allows the memorial to become federal property, its decision may moot the District Court's injunction, which addresses only the legality under state law of the cross' presence on city property, see *Murphy*, *supra*, at 1438. This parallel state-court litigation, furthermore, may present an opportunity for California courts to address state-law issues pertinent to the District Court's injunction.  The state appellate court's decision may provide important guidance regarding those issues and the effect, if any, of the recent federal statute.

Although the Court denied certiorari in this litigation at earlier stages, Congress' evident desire to preserve the memorial makes it substantially more likely that four Justices will agree to review the case in the event the Court of Appeals affirms the District Court's order.  The previously unaddressed issues created by the federal statute, moreover, reinforce the equities supporting a stay; and the pendency of state-court litigation that may clarify the state-law basis for the District Court's order further supports preserving the status quo.  Accordingly, although

the Court, and individual Circuit Justices, should be most reluctant to disturb interim actions of the Court of Appeals in cases pending before it, the respect due both to Congress and to the parallel state-court proceedings persuades me that the District Court's order in this case should be stayed pending final disposition of the appeal by the United States Court of Appeals for the Ninth Circuit or until further order of this Court. If circumstances change significantly, the parties may apply to this Court for reconsideration.

For these reasons, the application in No. 05A1234 is hereby granted. The proposed intervenor San Diegans for the Mt. Soledad National War Memorial was denied leave to intervene in the District Court and in all events seeks no relief beyond the stay granted in No. 05A1234. Separate consideration of the application in No. 05A1233 thus is unnecessary and this application hereby is denied.