# SUPREME COURT OF THE UNITED STATES

MOUNT SOLEDAD MEMORIAL ASSOCIATION

11–998                              *v.*

STEVE TRUNK ET AL.


UNITED STATES ET AL.

11–1115                             *v.*

STEVE TRUNK ET AL.

ON PETITIONS FOR WRITS OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Nos. 11–998 and 11–1115.   Decided June 25, 2012

The petitions for writs of certiorari are denied.

Statement of JUSTICE ALITO respecting the denial of the petitions for writs of certiorari.

A large white cross has stood atop Mount Soledad in San Diego, California, since 1954 as a memorial to our Nation's war veterans. The city of San Diego was previously enjoined under the California Constitution from displaying the cross or transferring, for the purpose of protecting the cross, the property on which the Mount Soledad Veterans Memorial stands. See *Trunk* v. *San Diego*, 629 F. 3d 1099, 1103–1104 (CA9 2011) (describing prior litigation); see also *San Diegans for Mt. Soledad Nat. War Memorial* v. *Paulson*, 548 U. S. 1301, 1302 (2006) (KENNEDY, J., in chambers) (same). In 2006, Congress exercised its power of eminent domain and took title to the property in order to "preserve a historically significant war memorial." Act of Aug. 14, §2(a), 120 Stat. 770. After the Federal Government took possession, the Ninth Circuit held in the decision below that "the Memorial, presently configured and as a whole, primarily conveys a message of government endorsement of religion that violates the Establishment Clause." 629 F. 3d, at 1125.

This Court's Establishment Clause jurisprudence is undoubtedly in need of clarity, see *Utah Highway Patrol Assn.* v. *American Atheists, Inc.*, 565 U. S. __, __ (2011) (THOMAS, J., dissenting from denial of certiorari) (slip op., at 17), and the constitutionality of the Mount Soledad Veterans Memorial is a question of substantial importance.  We considered a related question two Terms ago in *Salazar* v. *Buono*, 559 U. S. __ (2010), which concerned a large white cross that was originally erected on public land.  Although "[t]he cross is of course the preeminent symbol of Christianity," *id.,* at __ (ALITO, J., concurring in part and concurring in judgment) (slip op., at 3), we noted that "[t]he goal of avoiding governmental endorsement [of religion] does not require eradication of all religious symbols in the public realm. . . . The Constitution does not oblige government to avoid any public acknowledgment of religion's role in society," *id.,* at __–__ (plurality opinion of KENNEDY, J., joined in full by ROBERTS, C. J., and in part by ALITO, J.) (slip op., at 14–15).  The demolition of the cross at issue in that case would have been "interpreted by some as an arresting symbol of a Government that is not neutral but hostile on matters of religion and is bent on eliminating from all public places and symbols any trace of our country's religious heritage."  *Id.,* at __ (opinion of ALITO, J.) (slip op., at 4).

In that case, we were not required to decide whether the Establishment Clause would have required the demolition of the cross if the land on which it was built had remained in government hands.  Instead, Congress was ultimately able to devise a solution that was "true to the spirit of practical accommodation that has made the United States a Nation of unparalleled pluralism and religious tolerance."  *Id.,* at __ (slip op., at 1).

The current petitions come to us in an interlocutory posture.  The Court of Appeals remanded the case to the District Court to fashion an appropriate remedy, and, in

doing so, the Court of Appeals emphasized that its decision "d[id] not mean that the Memorial could not be modified to pass constitutional muster [or] that no cross can be part of [the Memorial]." 629 F. 3d, at 1125. Because no final judgment has been rendered and it remains unclear precisely what action the Federal Government will be required to take, I agree with the Court's decision to deny the petitions for certiorari. See, *e.g., Locomotive Firemen* v. *Bangor & Aroostook R. Co.*, 389 U. S. 327, 328 (1967) *(per curiam)* (denying petition for certiorari because "the Court of Appeals [had] remanded the case" and thus it was "not yet ripe for review by this Court"); see also E. Gressman, K. Geller, S. Shapiro, T. Bishop, & E. Hartnett, Supreme Court Practice 280 (9th ed. 2007) (hereinafter Stern & Gressman). Our denial, of course, does not amount to a ruling on the merits, and the Federal Government is free to raise the same issue in a later petition following entry of a final judgment. See, *e.g., Hughes Tool Co.* v. *Trans World Airlines, Inc.*, 409 U. S. 363, 365–366, n. 1 (1973); see also Stern & Gressman 283.