Cite as: 574 U. S. \_\_\_\_ (2014)　　　　1

# SUPREME COURT OF THE UNITED STATES

_____

No. 14A493

_____

## MARICOPA COUNTY, ARIZONA, ET AL., *v.* ANGEL LOPEZ-VALENZUELA, ET AL.

ON APPLICATION FOR STAY

[November 13, 2014]

The application for stay presented to JUSTICE KENNEDY and by him referred to the Court is denied. The order heretofore entered by JUSTICE KENNEDY is vacated.

Statement of JUSTICE THOMAS, with whom JUSTICE SCALIA joins, respecting the denial of the application for a stay.

Petitioner asks us to stay a judgment of the United States Court of Appeals for the Ninth Circuit holding unconstitutional an amendment to the Arizona Constitution that the State's citizens approved overwhelmingly in a referendum eight years ago. I join my colleagues in denying this application only because there appears to be no "reasonable probability that four Justices will consider the issue sufficiently meritorious to grant certiorari." *Hollingsworth* v. *Perry*, 558 U. S. 183, 190 (2010) (*per curiam*). That is unfortunate.

We have recognized a strong presumption in favor of granting writs of certiorari to review decisions of lower courts holding federal statutes unconstitutional. See *United States* v. *Bajakajian*, 524 U. S. 321, 327 (1998); *United States* v. *Gainey*, 380 U. S. 63, 65 (1965). States deserve no less consideration. See *Janklow* v. *Planned Parenthood, Sioux Falls Clinic*, 517 U. S. 1174, 1177 (1996) (SCALIA, J., dissenting from denial of certiorari) ("This decision is questionable enough that we should, since the invalidation of state law is at issue, accord re-

view"). Indeed, we often review decisions striking down state laws, even in the absence of a disagreement among lower courts. See, *e.g.*, *Hollingsworth* v. *Perry*, 570 U. S. ___ (2013); *Cook* v. *Gralike*, 531 U. S. 510 (2001); *Saenz* v. *Roe*, 526 U. S. 489 (1999); *Renne* v. *Geary*, 501 U. S. 312 (1991); *Massachusetts* v. *Oakes*, 491 U. S. 576 (1989). But for reasons that escape me, we have not done so with any consistency, especially in recent months. See, *e.g., Herbert* v. *Kitchen, ante,* p. ___; *Smith* v. *Bishop, ante,* p. ___; *Rainey* v. *Bostic, ante,* p. ___; *Walker* v. *Wolf, ante,* p. ___; see also *Otter* v. *Latta, ante,* p. ___ (denying a stay); *Parnell* v. *Hamby, ante,* p. ___ (same). At the very least, we owe the people of Arizona the respect of our review before we let stand a decision facially invalidating a state constitutional amendment.

Of course, the Court has yet to act on a petition for a writ of certiorari in this matter, and I hope my prediction about whether that petition will be granted proves wrong. Our recent practice, however, gives me little reason to be optimistic.