# SUPREME COURT OF THE UNITED STATES

_____

No. 14A840

_____

## LUTHER STRANGE, ATTORNEY GENERAL OF ALABAMA, *v.* CARI D. SEARCY, ET AL.

### ON APPLICATION FOR STAY

[February 9, 2015]

The application for stay presented to JUSTICE THOMAS and by him referred to the Court is denied.

JUSTICE THOMAS, with whom JUSTICE SCALIA joins, dissenting from denial of the application for a stay.

The Attorney General of Alabama asked us to stay a federal injunction preventing him from enforcing several provisions of Alabama law defining marriage as a legal union of one man and one woman pending our consideration of *Obergefell* v. *Hodges*, No. 14–556; *Tanco* v. *Haslam*, No. 14–562; *DeBoer* v. *Snyder*, No. 14–571; and *Bourke* v. *Beshear*, No. 14–574. Those cases are scheduled to be argued this Term and present the same constitutional question at issue here: Whether the Fourteenth Amendment requires States to recognize unions between two people of the same sex as a marriage under state law.

When courts declare state laws unconstitutional and enjoin state officials from enforcing them, our ordinary practice is to suspend those injunctions from taking effect pending appellate review. See, *e.g., Herbert* v. *Kitchen*, 571 U. S. \_\_\_ (2014); see also *San Diegans for Mt. Soledad Nat. War Memorial* v. *Paulson*, 548 U. S. 1301 (2006) (KENNEDY, J., in chambers) (staying an injunction requiring a city to remove its religious memorial). Although a stay is not a matter of right, this practice reflects the particularly strong showing that States are often able to make in favor of such a stay. Because States are required

to comply with the Constitution, and indeed take care to do so when they enact their laws, it is a rare case in which a State will be unable to make at least some showing of a likelihood of success on the merits.  States also easily meet the requirement of irreparable injury, for "'[a]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.'"  *Maryland* v. *King*, 567 U. S. ___, ___ (2012) (slip op., at 2–3) (ROBERTS, C. J., in chambers) (quoting *New Motor Vehicle Bd. of Cal.* v. *Orrin W. Fox Co.*, 434 U. S. 1345, 1351 (1977) (Rehnquist, J., in chambers)).  The equities and public interest likewise generally weigh in favor of enforcing duly enacted state laws.

It was thus no surprise when we granted a stay in similar circumstances a little over a year ago.  See *Herbert* v. *Kitchen*, *supra.*  Nor was it a surprise when we granted a stay in similar circumstances less than six months ago. *McQuigg* v. *Bostic*, 573 U. S. ___ (2014).  Those decisions reflected the appropriate respect we owe to States as sovereigns and to the people of those States who approved those laws.

This application should have been treated no differently. That the Court more recently denied several stay applications in this context is of no moment.  Those denials followed this Court's decision in October not to review seven petitions seeking further review of lower court judgments invalidating state marriage laws.  Although I disagreed with the decisions to deny those applications, *Armstrong* v. *Brenner*, *ante,* p. ___; *Wilson* v. *Condon*, *ante,* p. ___; *Moser* v. *Marie*, *ante,* p. ___, I acknowledge that there was at least an argument that the October decision justified an inference that the Court would be less likely to grant a writ of certiorari to consider subsequent petitions.  That argument is no longer credible.  The Court has now granted a writ of certiorari to review these important issues and will do so by the end of the Term.  The Attorney General of

Alabama is thus in an even better position than the applicant to whom we granted a stay in *Herbert* v. *Kitchen*.

Yet rather than treat like applicants alike, the Court looks the other way as yet another Federal District Judge casts aside state laws without making any effort to preserve the status quo pending the Court's resolution of a constitutional question it left open in *United States* v. *Windsor*, 570 U. S. \_\_\_ (2013) (slip op., at 25–26). This acquiescence may well be seen as a signal of the Court's intended resolution of that question. This is not the proper way to discharge our Article III responsibilities. And, it is indecorous for this Court to pretend that it is.

Today's decision represents yet another example of this Court's increasingly cavalier attitude toward the States. Over the past few months, the Court has repeatedly denied stays of lower court judgments enjoining the enforcement of state laws on questionable constitutional grounds. See, *e.g., Maricopa County* v. *Lopez-Valenzuela*, 574 U. S. \_\_\_, \_\_\_ (2014) (slip op., at 2) (THOMAS, J., joined by SCALIA, J., respecting denial of application for stay) (collecting cases). It has similarly declined to grant certiorari to review such judgments without any regard for the people who approved those laws in popular referendums or elected the representatives who voted for them. In this case, the Court refuses even to grant a temporary stay when it will resolve the issue at hand in several months.

I respectfully dissent from the denial of this application. I would have shown the people of Alabama the respect they deserve and preserved the status quo while the Court resolves this important constitutional question.