Thomas P. MURRAY,
Plaintiff-Appellant,

v.

Margaret HECKLER,* Secretary of
Health and Human Services,
Defendant-Appellee.

No. 81–6049.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 1983.

Decided Dec. 16, 1983.

William M. Capps, Offices of Martin &
Capps, San Diego, Cal., for plaintiff-appellant; Robert Hoad, San Diego, Cal., of
counsel.

Gary L. Floerchinger, Dept. of Health &
Human Services, San Francisco, Cal., for
defendant-appellee.

Before FLETCHER and NELSON, Circuit Judges, and LYNCH,** District Judge.

FLETCHER, Circuit Judge:

This case is one of many before this court
as a result of the Secretary's refusal to
follow this circuit's ruling in *Patti v.
Schweiker,* 669 F.2d 582 (9th Cir.1982), that
disability benefits cannot be terminated
without evidence of improvement. *See,
e.g., Perry v. Heckler,* 722 F.2d 461 (9th
Cir.1983); *Lopez v. Heckler,* 713 F.2d 1432
(9th Cir.), *partial stay granted,* —— U.S.
——, 104 S.Ct. 10, 77 L.Ed.2d 1431 (1983),

---

* Margaret Heckler has been substituted for
Richard S. Schweiker, pursuant to Fed.R.
App.P. 43(c)(1).

** Honorable Eugene F. Lynch, United States
District Judge for the Northern District of California, sitting by designation.

*emergency application to vacate stay denied,* —— U.S. ——, 104 S.Ct. 221, 78 L.Ed.2d 217 (1983). The district court in this case upheld the Secretary's determination of cessation of disability. *Murray v. Schweiker,* 526 F.Supp. 476 (S.D.Cal.1981). We reverse. The ALJ made no finding of improvement in Murray's condition, and the evidence would not support such a conclusion.

## FACTS

Murray is a 48-year-old Army veteran. He has received treatment for cervical spine disease, arthritis and hypertension since 1975. Murray was found to be disabled by an Administrative Law Judge (ALJ) in 1976 and received benefits from February 15, 1976 until October, 1979, when the Social Security Administration terminated his benefits, asserting that his disability had ceased as of August 1979. The decision to terminate was upheld by an ALJ and was adopted by the Appeals Council. The district court denied the petition for review on the ground that the decision of the ALJ was supported by substantial evidence.

## ISSUES

We review the correctness of the district court's determination that there was substantial evidence of nondisability in the record before the ALJ. We must determine whether that holding can stand in a termination case where the ALJ has made no finding of improvement. Whatever we conclude on that issue, we look beyond the lack of such finding to see whether there was substantial evidence from which a finding could have been made, as we must determine the appropriate remedy. We must consider in our evaluation of the evi-

dence whether the ALJ was justified in relying on the medical opinion of a non-treating physician who saw Murray only once when Murray's treating physicians disagreed with the opinion and whether he erred by failing to make any finding concerning the pain Murray claimed he suffered and its effect on his capacity to work.

## DISCUSSION

### I. Evidence of Improvement.

■ In *Patti v. Schweiker,* 669 F.2d 582 (9th Cir.1982), this court established that once a claimant has been found disabled, he or she is entitled to a presumption that the disability still exists. 669 F.2d at 587. The Secretary then has the burden to come forward with evidence of improvement. *Id.* This evidence must be reviewed under the "substantial evidence" standard. *Id.*

The Secretary, however, has refused to follow this court's holding in *Patti* and has stated that she "does not acquiesce" in the *Patti* decision. *See* Social Security Rulings 82–10c and 82–49c. As we recognized in *Lopez v. Heckler,* 713 F.2d 1432 (9th Cir.), *partial stay granted,* —— U.S. ——, 104 S.Ct. 10, 77 L.Ed.2d 1431 (1983), *emergency application to vacate stay denied,* —— U.S. ——, 104 S.Ct. 221, 78 L.Ed.2d 217 (1983), "the Secretary has ordered that the Social Security disability benefits be terminated on the ground of lack of disability regardless of whether the recipient's medical condition has improved since the time of the initial disability ruling." 713 F.2d at 1434 (citing Social Security Ruling 81–6).

In *Lopez,* this court denied a stay pending appeal of a preliminary injunction granted by the district court against the Secretary, restraining her from enforcing these rulings.[1] The court cited the district court's finding "that some who have unexpectedly

---

1. On September 9, 1983, Justice Rehnquist, acting in his capacity as a Circuit Justice, issued a partial stay of the injunction pending appeal to the Ninth Circuit. After reviewing the challenged portion of the injunction, Justice Rehnquist concluded that, in requiring the Secretary to pay benefits to all applicants for reinstatement until lack of disability had been established, the scope of the relief granted by injunc-

tion exceeded the district court's authority. *See Heckler v. Lopez,* —— U.S. ——, 104 S.Ct. 10, 77 L.Ed.2d 1431 (1983). On October 11, 1983, the Supreme Court denied an emergency application to vacate the stay. Justices Brennan, Marshall, Stevens and Blackmun dissented in part. *See Heckler v. Lopez,* —— U.S. ——, 104 S.Ct. 221, 78 L.Ed.2d 217 (1983).

lost benefits have already suffered deprivation of life's necessities, further illness, or even death from the very disabilities that the Secretary has deemed them not to have." 713 F.2d at 1437. We found "little chance that the Secretary would prevail in her argument that nonacquiescence is a legitimate policy...." 713 F.2d at 1438. We noted that other circuits that had considered the merits of the policy of non-acquiescence rejected the Secretary's position. *Id.* We conclude that our reasoning in *Lopez* with respect to the tenability of the Secretary's non-acquiescence policy is sound.[2]

The ALJ made no finding that Murray's condition had improved. Such a finding is essential to rebut the presumption of continued disability. Nonetheless, the Secretary argues that substantial evidence supports her finding. We review her contention to determine whether we should remand for further findings.

## II. Substantial Evidence.

### A. The "One-Shot" Rule.

The district court dismissed Murray's argument that the ALJ violated the "one-shot" rule by rejecting the findings of treating physicians and relying solely on the opinion of a physician who saw the plaintiff only once. The district court recognized that the circuits have split on this issue. The court noted that the First Circuit allows the Secretary to accord greater weight to the testimony of her designated physician, while the Second and Sixth Circuits have held that the treating physician's opinion is entitled to greater weight than that of a doctor who has seen the patient only once. *Compare Perez v. Secretary of HEW,* 622 F.2d 1, 2 (1st Cir.1980) *with McLaughlin*

*v. Secretary of HEW,* 612 F.2d 701, 705 (2d Cir.1980) *and Allen v. Califano,* 613 F.2d 139, 145 (6th Cir.1980).

We note that the First Circuit's holding in *Perez* is not so absolute as the district court suggests. A careful review of that case shows that the non-treating physician's findings were substantiated by other evidence in the record, were much more detailed than those of the treating physicians and were accompanied by specific clinical and laboratory findings. *See Perez,* 622 F.2d at 2. The *Perez* court expressly distinguished other cases in which a single doctor's report was in conflict with considerable other evidence. *See Perez,* 622 F.2d at 3, distinguishing *Hayes v. Gardner,* 376 F.2d 517, 520–21 (4th Cir.1967); *Miracle v. Celebrezze,* 351 F.2d 361, 372–73 (6th Cir.1965); *Sebby v. Flemming,* 183 F.Supp. 450, 454 (W.D.Ark.1960).

Murray's case stands in stark contrast to *Perez.* In this case, as the ALJ recognized, the *findings* of the non-treating physician were the same as those of the treating physician. It was his *conclusions* that differed. The "diagnosis" upon which the Secretary relies to base her decision consists of check marks in boxes on a form supplied by the Secretary. This "opinion" is in sharp contrast to the detailed analysis of the doctor relied on by the ALJ in *Perez* and also to the opinions of *Murray's* three doctors, one of whom had been treating Murray for over five years.

We note also that the Fifth Circuit has joined the Second and Sixth Circuits in giving greater weight to the opinions of treating physicians. *See Bowman v. Heckler,* 706 F.2d 564, 568 & n. 3 (5th Cir.1983). In *Bowman,* as in this case, "[t]he ALJ did not attempt to resolve the

---

**2.** This seems to be consistent with the present view of the Supreme Court, notwithstanding the fact that *Lopez* was partially stayed. The stay granted by Justice Rehnquist in *Lopez* related only to the remedy ordered by the district court. He specifically noted that his stay did not concern the merits of our decisions in *Finnegan v. Matthews,* 641 F.2d 1340 (9th Cir. 1981) and *Patti v. Schweiker,* 669 F.2d 582 (9th Cir.1982). *See* — U.S. —, 104 S.Ct. 10, 77

L.Ed.2d 1431 (1983) (Rehnquist, Circuit Justice). Justice Rehnquist further noted that the Court would be unlikely to grant certiorari in a case reaffirming *Patti* and *Finnegan. See also* — U.S. —, 104 S.Ct. 221, 78 L.Ed.2d 217 (Stevens, J., and Blackmun, J., dissenting in denial of application to vacate stay); — U.S. at —, 104 S.Ct. at 225 (Brennan, J., and Marshall, J., dissenting in denial of application to vacate stay).

conflict in the testimony of the two [doctors] ...." *See* 706 F.2d at 568. The Fifth Circuit gave greater weight to the testimony of the treating physician because of the purpose for which he or she was employed: "Our reliance on the opinion of the treating physician is based not only on the fact that he is employed to cure but also on his greater opportunity to observe and know the patient as an individual." *Id.* We agree. If the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Cf. McLaughlin v. Secretary of HEW,* 612 F.2d at 705 (opinion of treating physician binding unless substantial evidence to the contrary). No such evidence exists in this case.

### B. Pain.

█ Murray argues that the ALJ was required to make a specific finding regarding pain, citing an unpublished decision from the Southern District of Ohio. The Government contends that this rule is not precedent in the Ninth Circuit. The Government is correct on this point, but fails to mention that the Ninth Circuit has addressed this issue, as have several other courts. This court said in *Mark v. Celebrezze,* 348 F.2d 289, 292 (9th Cir.1968), that

> it may be necessary, in ascertaining whether statutorily-defined "disability" exists in a given case, to determine the truthfulness of allegations of subjective pain; and it is of course the duty of the trier of fact to weigh the evidence and *find* upon this difficult issue.

*Id.* (emphasis added). *Accord Chism v. Secretary of HEW,* 457 F.Supp. 547, 561 (C.D. Cal.1978).

> The failure to address this issue is
> a persistent problem that arises in disability cases .... Reviewing courts should not have to guess about such fundamental matters .... Telling someone that

he or she is unconvincing is far from pleasant work, but it is the essence of a judge's burden. The failure of ALJs to make such findings in disability cases is among the principal causes of delay and uncertainty in this area of the law. It can and must be remedied.

*Chiappa v. Secretary of Department of HEW,* 497 F.Supp. 356, 358 (S.D.N.Y.1980). Other circuits have joined this circuit in requiring that specific findings be made. *See Scharlow v. Schweiker,* 655 F.2d 645, 649 (5th Cir.1981); *Rico v. Secretary of HEW,* 593 F.2d 431, 433 (1st Cir.) (dictum), *cert. denied,* 444 U.S. 858, 100 S.Ct. 120, 62 L.Ed.2d 78 (1979).

Contrary to the inference the Secretary would have us draw, it is the *policy* of the Social Security Administration that findings be made. As appellant advises us, the Handbook provided to the ALJs the Secretary states "*A specific finding should be made in the decision on the credibility of the claimant's allegation of pain.*" Department of Health, Education and Welfare, Social Security Administration, Interim Circular No. 63, *Bureau of Hearings and Appeals Handbook* App.E. We fault the Secretary not only for flouting the law of this circuit, but for failing to follow her own guidelines.

Although the ALJ briefly discussed the pain issue in conjunction with Murray's attendance at Palomar College, he made *no* specific findings. The record reveals that Murray was a part-time student, took three years to complete a two-year program, was in the disabled program, and was given great leeway by his instructors. The lack of a specific finding by the ALJ leads us to conclude that he gave these considerations no weight.[3]

### CONCLUSION

The Secretary's finding of cessation of disability is not supported by substantial evidence in the record nor does substantial evidence of improvement exist that could

---

3. Murray also argues the invalidity of the medical-vocational guidelines. This issue has been decided in the government's favor in *Heckler v.* *Campbell,* —— U.S. ——, ——, 103 S.Ct. 1952, 1957, 76 L.Ed.2d 66 (1983). *See Odle v. Heckler,* 707 F.2d 439, 440 (9th Cir.1983).

support such a finding. As Judge Pregerson noted in his concurrence in *Lopez,*

> The Secretary's nonacquiescence [in our rulings] not only scoffs at the law of this circuit, but flouts some very important principles basic to our American system of government—the rule of law, the doctrine of separation of powers imbedded in the constitution, and the tenet of judicial supremacy laid down in *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803). The government expects its citizens to abide by the law—no less is expected of those charged with the duty to faithfully administer the law.

713 F.2d at 1441 (Pregerson, J. concurring).

We REVERSE and REMAND for entry of an order restoring benefits.