125 F.3d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger BUDDE, Plaintiff-Appellant,
v.
John J. CALLAHAN** Acting Commissioner,
Social Security Administration, Defendant-Appellee.
 No. 96-35755.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1997***
Filed Oct. 1, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. CV-95-06202-ALH; Ancer L. Haggerty, District Judge, Presiding.
 Before: CANBY, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Roger Budde appeals from a district court order affirming an Administrative Law Judge's ("ALJ") determination that he did not qualify for Title II Social Security disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We conclude that the Administrative Law Judge's decision to disregard the opinion of Budde's treating physician in the face of conflicting medical testimony was properly supported by specific and legitimate reasons set forth in the disposition. Additionally, we conclude that the ALJ's decision to disregard the lay testimony of Budde and his wife was accompanied by clear and convincing reasons, germane to each witness and supported by substantial record evidence. Accordingly, the district court's order is affirmed.
 
 
 3
 A. Rejection of Treating Physician's Opinion
 
 
 4
 The opinions of the treating physician and the medical advisor directly conflict. The ALJ found the treating physician's findings to be "not well-supported by clinical diagnostic techniques," and "inconsistent with other substantial evidence in the case record." He specifically cites the relative infrequency of treatment,[1] the failure to document the administration of psychological testing or to report clinical findings of disabling abnormality, the existence of a report showing a positive response to treatment via psychotropic medication, and claimant's engagement in a "wide array of activities of daily living that are indicative of a significant mental capacity to perform work-related activity." Additionally, the ALJ noted a scarcity of evidence regarding decompensation in work-like settings; a report concerning a consultative examination ordered by the agency's Disability Determination Services personnel which evidenced no serious thought or concentration difficulties; and that same doctor's determination of a global assessment of functioning rating of 55, which is considered to not be a disabling degree of functionality.
 
 
 5
 Conflicting medical opinions exist as to plaintiff's alleged disability. The ALJ properly resolved the conflict by setting forth specific and legitimate reasons for rejecting the treating physician's opinion. See Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983) (holding that when conflicting medical opinions exist, the ALJ must set forth specific, legitimate reasons for rejecting the opinion of the treating physician); see also 20 C.F.R. § 404.1527(d)(2) (i-ii), (3-6) (in determining the weight to give to the opinion, the ALJ should consider factors such as the length of the treatment relationship and the frequency of the examinations, the degree to which the opinion is supported by relevant medical evidence, and the consistency of the opinion with the record as a whole, in determining the weight to give to the opinion).
 
 
 6
 B. Rejection of Lay Testimony Offered by Budde
 
 
 7
 The ALJ concluded that Budde's testimony was not credible. In support of this determination, the ALJ cited the lack of medical documentation precluding Budde from pursuing any work, as opposed to only certain types; the financial factors evidencing a lack of motivation to pursue employment of a perceived lesser status which may be within Budde's capacity; the lack of hospitalization and relatively infrequent treatments; adequate control of Budde's symptoms through the use of medication; his healthy and well-functioning demeanor at the hearing; and his engagement in a "wide array of activities of daily living since his alleged onset date of disability," including "fishing, traveling, walking and driving on a daily basis, and engaging in social contacts."
 
 
 8
 Taken together, these amount to clear and convincing reasons for discounting Budde's testimony. Each is supported by substantial evidence in the record. Thus, the ALJ's decision to discount Budde's subjective testimony must stand. See Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir.1995) (stating that an ALJ's findings must be "supported by clear and convincing reasons why the claimant's testimony of excess pain was not credible, and must be supported by substantial evidence in the record as a whole"); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991) (stating that the ALJ must articulate the findings with such specificity as to allow a reviewing court to determine that the conclusions were not arrived at arbitrarily).
 
 
 9
 C. Rejection of Lay Testimony Offered by Budde's Wife
 
 
 10
 The ALJ additionally rejected the testimony of Budde's wife. In doing so, he specifically mentioned that both Budde's allegations and "those endorsed by his witness" had been incorporated into the assessment. However, he found her testimony incredible for the same reasons as her husband's. These reasons were certainly "germane to each witness." Thus, the ALJ acted within his discretion in rejecting the testimony of Budde's wife as well. See Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir.1993) (holding that when rejecting lay testimony, the ALJ must give reasons "germane to each witness").
 
 
 11
 The district court's order is AFFIRMED.
 
 
 
 **
 John J. Callahan has been substituted for his predecessor in office, Shirley S. Chater, pursuant to Fed. R.App. P. 43(c)(1)
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Budde challenges this finding by reciting a list of twenty-nine treatment dates over a three and one-half year period (approximately once every six weeks). However, substantial evidence supports a determination that one treatment for a severely disabling mental illness every six weeks is "relatively infrequent."