**McRay PETTIGREW, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI,\* Acting Commissioner, Social Security Administration, Defendant–Appellee.**

No. 00–55078.
D.C. No. CV–99–03109–E.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2001.

Decided June 20, 2001.

---

\* Larry G. Massanari is substituted for his predecessor as Acting Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Before D.W. NELSON, FERNANDEZ, and RYMER, Circuit Judges.

MEMORANDUM **

McRay Pettigrew appeals the summary judgment entered against him, which affirmed the Commissioner of Social Security's denial of benefits under Title II and Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 423, 1382. We reverse.

The Commissioner follows a five step process when he decides whether a person is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. Here, at the fourth step, the Administrative Law Judge determined that Pettigrew could do his past relevant sedentary work and was, therefore, not eligible for benefits. In that the ALJ erred.

First, the ALJ rejected the opinion of Pettigrew's treating physician that Pettigrew was impaired. Dr. Arthur Sams stated that Pettigrew's standing and walking were limited to two hours per day, and to one half hour at a time, while his sitting was limited to three to four hours a day, and to one hour at a time. Those limitations would undermine the determination that Pettigrew could perform a sedentary job, such as his past relevant work as an alcohol counselor. *See Tackett v. Apfel,*

180 F.3d 1094, 1103 (9th Cir.1999). In fact, because sitting, standing and walking encompass a large part of the postural positions that a working person must be in, a total of six hours for all three casts great doubt on Pettigrew's ability to work in any sedentary position. *See* SSR 96–8p.

 The parties do not really dispute the fact that Dr. Sams' opinion, if accepted, seriously undermines the ALJ's decision. The ALJ rejected that opinion because he found, among other things, that it was not "consistent with the other substantial medical and non-medical evidence in the case record." However, we give special weight to the treating physician's opinion, and the ALJ must give specific and legitimate reasons for rejecting it. *See Andrews v. Shalala,* 53 F.3d 1035, 1040–41 (9th Cir.1995); *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989); *Murray v. Heckler,* 722 F.2d 499, 502 (9th Cir.1983). The ALJ did not do that.

 In fact, the examining physician, Dr. Yu, also appears to have limited Pettigrew to six hours per day of sitting, standing and walking. One consulting physician indicated that he did not disagree with the examining source, although another one said that Pettigrew could probably do his past work. The ALJ did not sufficiently explain his decision that Pettigrew can do his past relevant work.

Second, even though the medical reports all indicated that Pettigrew had limitations which interfered with his ability to sit, stand and walk, the ALJ rejected Pettigrew's testimony about pain on the basis that Pettigrew's pain complaints were disproportionate to the medical findings that his condition was mild, moderate or minimal. That was error. Once a pain-causing condition is shown, the ALJ can-

not discredit the claimant's testimony about the intensity of the pain that the claimant feels, simply because the ALJ believes that the symptom should not generate that much discomfort. *See Smolen v. Chater,* 80 F.3d 1273, 1282 (9th Cir. 1996); *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995); *Bunnell v. Sullivan,* 947 F.2d 341, 347 (9th Cir.1991) (en banc); *Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir.1986). Thus, we must remand so that the ALJ can properly evaluate Pettigrew's testimony.

In short, the ALJ must reconsider his decision at step four, and, perhaps, go on to step five.[1]

REVERSED and REMANDED.

**1.** We note, however, that Pettigrew has conceded that he has not shown disability before September 1995.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.