Harriet PARKER, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner, Commissioner of Social Security, Defendant—Appellee.

No. 02–35296.
D.C. No. CV–00–01643–JCC.

United States Court of Appeals,
Ninth Circuit.

Submitted June 6, 2003.*

Decided June 19, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

496

Before LAY,** GOODWIN, and
GOULD, Circuit Judges.

### MEMORANDUM ***

In this appeal we consider whether an administrative law judge (ALJ) erred in concluding that Harriet Parker was entitled to benefits starting from March 2, 1998, instead of from an earlier disability onset date of August 22, 1996. Parker has a general equivalence diploma and previously worked as a caregiver for the elderly and as a casino custodian. She claims impairments including: depressive disorder NOS, dysthymia, post-traumatic stress disorder; psychological factors affecting her physical condition; paranoid personality disorder; borderline personality disorder; bilateral carpal tunnel syndrome; hammertoes; and degenerative disc disease causing lumbalgia.

We review *de novo* the district court's judgment affirming a denial of social security benefits. *Moore v. Comm. of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir.

2002). We will set aside a denial of disability benefits when the ALJ's findings are not supported by substantial evidence on the record as a whole. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999). We may also set aside a denial of disability benefits when an ALJ's findings of disability are based on legal error. *Id.*

Parker makes several arguments to support her contention that the decision of the ALJ is not supported by substantial evidence and that it is not based on the application of correct legal arguments. First, Parker argues that the ALJ failed properly to credit the opinion of Parker's examining psychologists. Second, she argues that the ALJ failed properly to credit the opinion of Parker's treating physicians. Third, she argues that ALJ failed properly to consider Parker's testimony about her symptoms and limitations. Fourth, she argues that ALJ improperly determined her physical residual functional capacity (RFC) without placing proper medical weight on the opinions of her treating and examining sources and the testimony of Parker. Fifth, she argues that the ALJ improperly determined that she could continue to work as a casino custodian. Sixth, Parker argues that the ALJ failed to take the testimony of a medical expert. We agree with Parker's sixth argument that the ALJ failed to call a psychologist as a medical expert to determine the onset date of Parker's disability and reject her other arguments.

1. If the opinion of a treating psychologist is uncontradicted the ALJ must provide "clear and convincing" reasons based upon substantial evidence in order to reject the opinion of the testifying psycholo-

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

gist. *Lester v. Chater,* 81 F.3d 821, 831 (9th Cir.1995). Even if the treating psychologist's opinion is contradicted by another doctor, the ALJ may not reject the opinion of the treating psychologist without providing specific and legitimate reasons supported by substantial evidence in the record. *Id.*

■ Although the ALJ accepted the opinion of Parker's treating physician Dr. Neims, from the date of Dr. Neims's examination on March 2, 1998, Parker argues that the ALJ improperly rejected Dr. Neims's statement that he was "unable to judge" when Parker's disability began but suspected that she had a "long history of impoverished abilities." We have long stated that the ALJ does not need to discuss all evidence presented to him. *Vincent v. Heckler,* 739 F.2d 1393, 1394–95 (9th Cir.1984). Rather, the ALJ must only explain why "significant probative evidence" has been rejected. *Id.* Dr. Neims's statement about Parker's disability does not provide any evidence that Dr. Neims concluded that Parker had a disability onset date prior to his examination. Dr. Neims himself stated that he could not judge when Parker's disability began. Because Dr. Neims speculative statement does not provide "significant and probative" evidence about the onset or scope of Parker's disability the ALJ was not required to address Dr. Neims's statement.

■ Parker also argues that the ALJ improperly rejected the opinions of Parker's treating psychologist Dr. Bremer. The ALJ "discounted" the weight of the opinions of Dr. Bremer because he found Dr. Bremer's second opinion regarding the severity of Parker's disability inconsistent with Dr. Bremer's prior detailed report submitted a month earlier and the report of Parker's non-examining psychologist. Nonetheless, the ALJ explicitly stated that he considered Dr. Bremer's view in the

first and second report along with the report of Dr. Neims and Dr. Sutherland in order to determine Parker's functional capacity but gave very little weight to Dr. Bremer's second opinion. The ALJ findings also were not inconsistent with Dr. Bremer's first opinion.

It was also not error for the ALJ to conclude that Dr. Bremer's contradictory second opinion should be rejected in light of the record as a whole, because it contradicted Dr. Bremer's own report submitted less than a month earlier without any meaningful foundation, contradicted the report of Parker's non examining psychologist, and because Dr. Bremer's second opinion was in a "check-the-box" form that included few comments. *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir.1983) (individualized medical opinions are preferred over "check-the-box" reports). The ALJ provided substantial reasons to reject Dr. Bremer's contradictory second opinion. *Lester,* 81 F.3d at 831. (contradictory opinion of examining physician can be rejected by substantial evidence)

■ 2. Parker also argues that the ALJ erred by improperly rejecting the opinions of Parker's treating physicians. The ALJ did not explicitly consider the view of Parker's treating physicians beyond his statement that he had conducted a "thorough review of the record." Because the view of Parker's treating physicians are undeniably "significant probative evidence," it would normally be error for the ALJ not to consider specifically the views of Parker's treating physicians in order to determine whether Parker was disabled during the period from August 22, 1996 through March 1, 1998. *Vincent,* 739 F.2d at 1395. Nonetheless, because counsel stipulated that Parker did not meet any of the musculoskeletal medical listings for purposes of a step three analysis, stipulated to the tasks that Parker could per-

form, and stipulated to Parker's physical condition for purposes of assessing her residual functional capacity under step five of the Commissioner's analysis, we conclude that the ALJ's did not err by not specifically commenting on the opinions of Parker's treating physicians. *See generally* 20 C.F.R. § 404.1520; *U.S. v. Fior D'Italia, Inc.*, 536 U.S. 238, 247, 122 S.Ct. 2117, 153 L.Ed.2d 280 (2002) (Because of stipulation, the claimant could not present evidence that IRS assessment was inaccurate).

■ 3. Next, Parker argues that the ALJ failed to consider her subjective testimony about her pain and limitations. If a claimant produces medical evidence of her underlying impairment and there is no evidence that suggest malingering, the ALJ cannot discredit her testimony unless the ALJ provides clear and convincing evidence that is supported by substantial evidence in the record. *Lester*, 81 F.3d at 834. We agree with Parker that it is normally error for the ALJ not to specifically articulate reasons for not accepting a claimant's testimony. However, because the ALJ relied upon Parker's own stipulations regarding her abilities in order to determine Parker's physical disabilities under the Commissioner's guidelines we conclude that the ALJ did not err by failing to explicitly consider Parker's subjective pain testimony.

■ 4. Parker's argument that the ALJ failed properly to consider treating medical opinions and Parker's testimony in determining Parker's RFC also fails. The ALJ correctly relied on Parker's stipulation about her physical capacity in order to determine her physical residual functional capacity under the Commissioner's guidelines. Parker's argument that ALJ improperly determined that she could work as a casino custodian until her disability onset date of March 2, 1998, based on the "ALJ's erroneous RFC finding," fails as well since the ALJ correctly determined Parker's RFC based on her stipulation

■ 5. Finally, Parker argues that where evidence of a claimant's onset date is not definite, the ALJ is required to call a medical expert to determine when the claimant's disability began. *See Morgan v. Sullivan*, 945 F.2d 1079 (9th Cir.1991). We agree with Parker that the ALJ failed to call a medical expert in order to determine the onset date of Parker's disability. The uncontradicted opinion of Dr. Neims indicated that he believed that Parker's disability existed before his examination of March 2, 1998. Although the ALJ heard testimony of a medical expert, that medical expert was not a licensed psychologist and did not have the expertise required to determine the onset of Parker's psychological symptoms. It was error for the ALJ not to call a psychologist as a medical expert in order to determine the onset date of Parker's disability.

Each party shall bear its own costs on this appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**