Kate NELSON, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.

No. 03–35223.

D.C. No. CV–01–05710–FDB.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 11, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Elie Halpern, Esq, Eitan Kassel Yanich, Esq., Elie Halpern and Associates, P.S., Olympia, WA, for Plaintiff-Appellant.

David R. Johnson, Esq., SSA—Social Security Administration, Office of the General Counsel, Brian C. Kipnis, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Defendant-Appellee.

Before GOODWIN, WALLACE, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Kate Nelson appeals from the denial of her 1997 application for Supplemental Security Income ("SSI"), Title XVI disability insurance, under the Social Security Act, 42 U.S.C. §§ 1381–83f. We have jurisdiction over this timely appeal pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We affirm.

We review a district court's order upholding the Commissioner of the Social Security Administration's ("Commissioner") denial of benefits de novo. *Benton v. Barnhart,* 331 F.3d 1030, 1035 (9th Cir. 2003). The decision of the Commissioner must be affirmed if it is supported by substantial evidence and free of legal error. *Id.*

Nelson contends the Administrative Law Judge ("ALJ") failed to provide "specific and legitimate" reasons for rejecting the opinions of her examining and treating physicians. The ALJ concluded that Nelson retained the residual functional capacity to work as a surveillance system monitor, sedentary unskilled work of which there are 1,200 jobs in Washington and 50,000 jobs nationally. *See* 42 U.S.C. § 423(d)(2)(A). After careful examination of the record, we conclude that the ALJ accorded proper weight to the treating and examining physicians' respective opinions in determining Nelson's RFC. *See See* 42 U.S.C. § 1382c(a)(3)(A); *see also Murray v. Heckler,* 722 F.2d 499, 502 (9th Cir. 1983); *Barnhart v. Walton,* 535 U.S. 212, 122 S.Ct. 1265, 152 L.Ed.2d 330 (2002).

Nelson also contends that the ALJ erred in determining her residual functioning capacity ("RFC"), without fully considering the medical opinions of the state agency psychologist and without including all her limitations in the hypothetical posed to the vocational expert ("VE"). "In order for the testimony of a VE to be considered reliable, the hypothetical posed must include all of the claimant's functional limitations, both physical and mental[,] supported by the record." *Thomas v. Barnhart,* 278 F.3d 947, 956 (9th Cir.2002) (citation and internal quotation marks omitted). The ALJ's condensation of the medical evidence was sufficiently accurate to allow the VE to assess Nelson's capacity to do work. The ALJ concurred with the state agency medical consultants that Nelson would tolerate only limited contact with the public given her mental impairments and included a limitation to "less stressful" jobs in his hypothetical for the vocational expert *based on* the medical opinion of state agency psychologist, Dr. Clifford. In response, the VE listed the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

job of surveillance system monitor which involves simple, repetitive, relatively unskilled tasks. Accordingly, it was not improper for the ALJ to rely on the VE's testimony.

■ Finally, Nelson contends that the ALJ erred when he rejected portions of her testimony regarding her symptoms and limitations. *See* 20 C.F.R. § 416.920. We conclude that the ALJ properly considered Nelson's testimony, providing clear and convincing reasons for rejecting her excess pain testimony, namely her credibility, and those reasons were supported by substantial evidence. *See Ceguerra v. Secretary of Health & Human Services,* 933 F.2d 735, 738 (9th Cir.1991).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.