MEMORANDUM **
Lander McCalmon (“McCalmon”) was initially found disabled as of February 5, 2002 because of aortic valvular heart disease. In July 2004, McCalmon was notified that the Social Security Administration (“SSA”) had determined that his disability ceased on May 1, 2004, and his benefits were terminated. An ALJ found that McCalmon’s condition had medically improved after he underwent surgery for aortic heart valve replacement and ascending aortic aneurysm repair in May 2002, and that he could thereafter perform work. The Appeals Council denied McCalmon’s petition for review, making the ALJ’s order the final agency order. The district court affirmed the termination of benefits, and we affirm the district court.
The SSA may terminate benefits if:
(A) there has been any medical improvement in the individual’s impairment or combination of impairments (other than medical improvement which is not related to the individual’s ability to work), and
(B) the individual is now able to engage in substantial gainful activity
42 U.S.C. § 423(f)(1). “Medical improvement” is analyzed by comparing the current severity of the impairment with the severity of that impairment when claimant was last found to be disabled. 20 C.F.R. § 404.1594(b)(7). Any improvement must be related to the individual’s ability to work and must also increase the claimant’s “functional capacity to do basic work activities.” 20 C.F.R. § 404.1594(b)(2). The current functional capacity is compared to that at the time disability was last found, and any increase in functional capacity must be linked to improvements in signs, symptoms, or clinical findings. 20 C.F.R. § 404.1594(c)(2).
1. Medical Improvement
The Commissioner bears the burden of establishing that a claimant has experienced medical improvement that would allow him to engage in substantial gainful activity. Murray v. Heckler, 722 F.2d 499, 500 (9th Cir.1983). However, this court may set aside the ALJ’s decision only when the decision is not supported by substantial evidence or the decision is prem *660 ised on legal error. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n. 1 (9th Cir.2005).
Substantial evidence supports the ALJ’s finding of medical improvement. The ALJ cites significant evidence of both medical diagnoses and actual activities.[1] In 2002 and 2003, Dr. Feldman and Dr. Doubek documented good results from the heart surgery and a lack of pain, and approved McCalmon for hiking, camping, and water activities. McCalmon did not seek any medical attention between April 2003 and April 2004, at which point he claimed “mild fatigue.” Dr. Feldman found no problems and explained that McCalmoris fatigue was likely linked to his smoking one and a half packs of tobacco cigarettes per day.[2]
The ALJ also properly took note of McCalmoris numerous personal activities that indicated improvement, including household chores, extensive driving, camping, part time work as a bar “swamper,” and trips to a bar every evening. The affirmative medical evidence of improvement, the long periods of time without seeking medical help, and McCalmoris daily activities constitute substantial evidence to support the ALJ’s finding of medical improvement.
The ALJ properly discounted the opinion of Dr. Burk, which suggested limited physical abilities, because it was not supported by clinical findings—the assessment was based entirely on a 30-minute oral consultation—and because that was apparently McCalmoris only visit to Dr. Burk. See Benton v. Barnhart, 331 F.3d 1030, 1035-36 (9th Cir.2003); Magallanes v. Bowen, 881 F.2d 747, 751-52 (9th Cir.1989).
The ALJ also properly found McCalmoris subjective testimony regarding his limitations to be “partially credible.” The ALJ reasonably determined that McCalmon’s assertion of disability was partially inconsistent with the clear medical improvement detailed by the doctors’ assessments and the variety of personal activities in which McCalmon participated. The ALJ was entitled to discount McCalmoris subjective testimony because the ALJ stated specific, convincing reasons for doing so. See Smolen v. Chater, 80 F.3d 1273, 1283-84 (9th Cir.1996).[3]
2. Ability to Work
After finding that there was medical improvement, the ALJ further determined that McCalmon could perform light work that requires lifting and carrying 10 pounds frequently and 20 pounds on occasion, could sit for unlimited periods, and could stand or walk for two hours in an eight-hour day. The ALJ acknowledged *661 McCalmon’s limitations in climbing and reaching.
Based on these limitations, the ALJ heard testimony from a vocational expert, who determined that McCalmon could not perform his past relevant work, which was at a medium exertional level. However, in light of the limitations found by the ALJ, the vocational expert testified that there are unskilled positions at the light and sedentary levels that McCalmon could perform, like small parts assembler, mail clerk, or telephone survey worker. The vocational expert testified that these jobs existed in significant numbers in the national and regional economies. The ALJ reasonably relied on the vocational expert, and the ALJ’s conclusion that McCalmon could perform substantial gainful activity is supported by substantial evidence.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. McCalmon argues that the ALJ based her analysis of medical improvement solely on the issue of credibility. This is incorrect. The ALJ reviewed significant affirmative evidence that McCalmon's heart condition had improved. The ALJ's later discussion of credibility was properly limited to her consideration of McCalmon’s subjective testimony.

. The doctors also noted that McCalmon still has a mild systolic heart murmur, but none of the doctors expressed any concern that the murmur was capable of causing any negative symptoms, and McCalmon does not argue that on appeal.

. Even if the ALJ had found McCalmon completely credible, McCalmon’s testimony would not compel a finding of no medical improvement. He complained of some fatigue, the inability to work full time as a bar swamper, and difficulty climbing stairs. None of these complaints specifically contradicts the ALJ's findings of medical improvement, based on the medical records and personal activities the ALJ analyzed, or the ALJ’s ultimate determination of sedentary to light functionality.