FILED

NOV 19 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARL A. WATKINS,

       Plaintiff - Appellant,

  v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

       Defendant - Appellee.

No. 08-17090

D.C. No. 3:07-cv-02152-JCS

MEMORANDUM [*]

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Argued and Submitted November 6, 2009
San Francisco, California

Before:    NOONAN and W. FLETCHER, Circuit Judges, and DUFFY, [**]
            District Judge.

    Carl Watkins filed for disability benefits on December 18, 2003. He claims

disability as of January 2, 2003, due to leg and lower back pain. The

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Kevin Thomas Duffy, United States District Judge for
the Southern District of New York, sitting by designation.

Administrative Law Judge ("ALJ") found Watkins not disabled because there are jobs that exist in significant numbers in the national economy that Watkins can perform. The magistrate judge affirmed. We affirm the magistrate judge's decision because substantial evidence in the record supports the ALJ's finding.

This court reviews a district court's decision upholding the denial of social security benefits de novo. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1172 (9th Cir. 2008). "The Social Security Administration's disability determination should be upheld unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Disability insurance benefits are available under Title II of the Social Security Act when an eligible claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ applies a five-step sequential evaluation process to determine whether a claimant is disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a).

Watkins contends that the ALJ made three errors. He first contends that the ALJ improperly rejected the opinion of Dr. Millard, his treating physician. When the ALJ rejects a treating physician's opinion, he "must make findings setting

2

forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). The ALJ found that Dr. Millard's conclusion that Watkins' prognosis was "good" was internally inconsistent with the remainder of his residual functional capacity determination, and that Dr. Millard's opinion was inconsistent with Watkins' testimony and the medical record as a whole. These are specific, legitimate reasons for rejecting Dr. Millard's opinion, based on substantial evidence in the record.

Moreover, Dr. Millard filled out the Residual Functional Capacity Questionnaire at issue in 2005. Watkins claimed a disability onset date of January 2, 2003, and last met the insured status for disability benefits on December 31, 2003. Watkins was thus required to show that he was disabled as of 2003. The 2005 questionnaire is written in present tense, and Dr. Millard made no indication that his opinion referred to Watkins' limitations in 2003.

Second, Watkins contends that the ALJ improperly discounted Watkins' testimony without providing clear and convincing reasons for doing so. In order to discredit a claimant's testimony, the ALJ must make "specific findings stating clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ's findings are entitled to deference if they are

3

"sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). Further, we "will not reverse credibility determinations of an ALJ based on contradictory or ambiguous evidence." *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995). Watkins' repeated statements that he experienced no relief from treatment are contradicted by notes in Watkins' medical record by both his treating physicians. These contradictions provided sufficiently specific, clear and convincing reasons for the ALJ to reject Watkins' testimony.

Third, Watkins contends that at step five the ALJ erred in relying on the Medical-Vocational Guidelines rather than obtaining vocational expert testimony. The Commissioner contends that Watkins' "assertion that his pain precluded his ability to work is completely dependent on acceptance of the credibility of his subjective claims" and on "Dr. Millard's opinion regarding Claimant's RFC." We conclude that the ALJ did not err in discrediting Dr. Millard's 2005 opinion or Watkins' testimony regarding his subjective experience of pain. Without credible evidence in the record to demonstrate that Watkins suffers from non-exertional

4

limitations, the ALJ did not err in relying on the Guidelines in making his disability determination.

AFFIRMED.