FILED

OCT 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARY A. GALINDO,

              Plaintiff - Appellant,

    v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

              Defendant - Appellee.

No. 10-55242

D.C. No. 2:09-CV-01460-AN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Arthur Nakazato, Magistrate Judge, Presiding

Submitted October 12, 2011[**]
Pasadena, California

Before: PREGERSON and D.W. NELSON, Circuit Judges, and LYNN, District
Judge.[***]

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Barbara M. G. Lynn, District Judge for the U.S.
District Court for Northern Texas, sitting by designation.

Claimant Mary Galindo appeals from the judgment of United States Magistrate Judge Arthur Nakazato of the Central District of California, affirming the determination of the Administrative Law Judge (ALJ) that Claimant was not disabled and, therefore, was ineligible for Title II disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).

We review the decision of a district court (or, where, as here, the parties have consented, the decision of a Magistrate Judge) denying benefits *de novo*. We must independently determine whether the Commissioner's decision is (1) free of legal error and (2) supported by substantial evidence. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989)).

The ALJ's finding that Galindo could perform light work with restrictions was not erroneous and is supported by substantial evidence. The finding appropriately accounted for Galindo's physical and mental conditions. The ALJ considered work restrictions determined by Galindo's examining and treating physicians, and the ALJ's residual functional capacity finding is consistent with the medical evidence. When the ALJ discredited a medical opinion from a treating physician or discounted portions of Claimant's testimony, the ALJ provided

2

specific and legitimate reasons for doing so.  *Lester v. Chater*, 81 F3d 821, 830

(9th Cir. 1995) (citing *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.1983)).

**AFFIRMED.**