**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK PINEGAR, | No. 11-15955 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01767-KJN |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Submitted November 9, 2012[**]
San Francisco, California

Before: FARRIS, NOONAN, and BYBEE, Circuit Judges.

Patrick Pinegar appeals the district court's order affirming the

Commissioner's decision denying his application for Supplemental Security

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Income. We review de novo the district court's order affirming the denial of benefits. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). We may reverse the Commissioner's decision only if it is not supported by substantial evidence or is based on legal error. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Pinegar claims that the ALJ did not properly characterize and weigh the opinions of his treating physicians and his Global Assessment of Functioning scores. Under the "treating physician rule," a treating physician's opinions are entitled to great weight, and may only be rejected if the ALJ provides "specific and legitimate reasons supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)) (internal quotation marks omitted). But most of the "opinions" Pinegar claims the ALJ did not properly credit are nothing more than notes summarizing Pinegar's complaints. They are therefore not physicians' opinions and do not fall under the "treating physician rule." *See id.* Where Pinegar does identify what is arguably a treating physician's opinion, it is contradicted by "substantial evidence in the record" that the ALJ took note of. *Id.*

Regarding Pinegar's Global Assessment of Functioning scores, the Commissioner has stated that such scores do not directly correlate with the

2

requirements of Listing 12.04 for a finding of disability, and this Court has not found error when an ALJ does not consider them. Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed. Reg. 50,764, 50,764-65 (Aug. 21, 2000); *see also Chavez v. Astrue*, 699 F. Supp. 2. 1125, 1135 (C.D. Cal. 2009).  Therefore, the ALJ did not err by not considering Pinegar's Global Assessment of Functioning scores.

We reject Pinegar's claim that the ALJ erred in finding his testimony not fully credible. The ALJ offered "specific, clear and convincing reasons" supported by substantial evidence to find that Pinegar was exaggerating the severity of his claimed mental and physical symptoms.  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

Pinegar is correct that the ALJ committed error by ignoring the testimony of his girlfriend, Crystal Broome.  *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993).  However, Ms. Broome's testimony was either consistent with the determination reached by the ALJ, or merely repeated evidence already considered and rejected.  Thus, Pinegar has not met his burden to show that the error was not harmless, *i.e.*, that a reasonable ALJ fully crediting the testimony could have reached a different determination.  *Stout v. Comm'r*, 454 F.3d 1050, 1056 (9th Cir. 2006); *see also Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

3

Since the ALJ properly considered the above evidence, there is no basis to find that the conclusion that Pinegar did not satisfy the listing requirements of 20 C.F.R., Pt. 404, Subpt. P, App. 1 § 12.04B was not supported by substantial evidence. *Robbins*, 466 F.3d at 882.

Pinegar's final claim is that the ALJ did not properly assess his Residual Functional Capacity, specifically that the ALJ improperly ignored the final hypothesis considered by the vocational expert. However, the hypothetical relied on by the ALJ is supported by substantial evidence, whereas the one Pinegar endorses is not. The ALJ properly assessed Pinegar's Residual Functional Capacity. *See Embrey v. Bowen*, 849 F.2d 418, 422-23 (9th Cir. 1988).

**AFFIRMED.**