**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JUN 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GORDON DAVENPORT,

Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security*,

Defendant - Appellee.

No. 13-35722

D.C. No. 2:11-cv-03063-JLQ

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, Senior District Judge, Presiding

Argued and Submitted June 5, 2015
Seattle, Washington

Before: O'SCANNLAIN, EBEL**, and McKEOWN, Circuit Judges.

Gordon Davenport appeals the district court judgment affirming the

Administrative Law Judge's ("ALJ") denial of his application for disability

benefits. Although we review the district court decision de novo, the ALJ's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable David M. Ebel, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

"decision to deny benefits will only be disturbed if it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks and citation omitted). "A decision of the ALJ will not be reversed for errors that are harmless." *Id.* We affirm.

The ALJ did not err when he determined, at step two, that Davenport's mental impairments were nonsevere. In reviewing the ALJ's step-two determination, we consider "whether the ALJ had substantial evidence to find that the medical evidence clearly established that" Davenport did not have a severe mental impairment. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). The record supports that conclusion. Davenport repeatedly stated that he did not feel depressed. Treatment notes from the social worker and from Dr. Li indicated that Davenport's depression and anxiety were either mild or improved with treatment. In any event, any error regarding the step-two determination is harmless because the ALJ proceeded to step five and considered Davenport's mental impairments as part of that analysis. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (holding that "in each case we look at the record as a whole to determine whether the error alters the outcome of the case.").

2

Davenport correctly notes that "more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, any error in how the ALJ analyzed the opinions of Davenport's treating physicians is harmless. The ALJ provided "'specific and legitimate reasons' supported by substantial evidence in the record" for declining to credit several of Davenport's treating physicians. *Id.* at 830 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.1983)). Dr. Gehrett's March 2009 diagnosis that Davenport was disabled from severe back pain was contradicted by the agency physician and x-rays and other testing results. Dr. Li diagnosed Davenport with severe depression in March 2009, but in a follow-up consultation two months later, Dr. Li stated that his condition had improved and his depression was less severe. Davenport's social worker also diagnosed him with more mild depression and anxiety.

The ALJ's decision not to credit Davenport's claims regarding the severity of his physical and mental impairments are "clear and convincing" and supported by the record. *Burch*, 400 F.3d at 680. The ALJ's credibility findings must be "sufficiently specific to allow a reviewing court to conclude the [ALJ] rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit [the] claimant's testimony." *Rollins v. Massanari*, 261 F.3d 853, 856–57 (9th Cir. 2001)

3

(internal citation omitted).  The ALJ provided such specific reasons, noting inconsistencies in Davenport's statements and that his claims were not supported by objective medical evidence and other documentation.

Any error in the ALJ's step-four determination that Davenport was able to perform past relevant work is harmless in light of the ALJ's alternative step-five decision, which was supported by substantial evidence.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008).

Finally, Davenport made no showing that the ALJ was biased against Davenport or otherwise deprived him of a full and fair hearing.

**AFFIRMED.**