NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC GONZALES MIRANDA, | No. 19-15474 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01653-DMC |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the U.S. District Court
for the Eastern District of California
Dennis M. Cota, Magistrate Judge, Presiding

Submitted December 8, 2020**
San Francisco, California

Before: BOGGS,*** M. SMITH, and BENNETT, Circuit Judges.

Eric Miranda, who alleges disability from musculoskeletal pain resulting from

a slip-and-fall accident, appeals the Commissioner's finding that he is able to

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Danny J. Boggs, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

perform past relevant work and his subsequent denial of disability and supplemental security income benefits. We have jurisdiction under 28 U.S.C. § 1291. Because the administrative law judge (ALJ) did not address the work limitations opined by an orthopedic surgeon who had examined Mr. Miranda, we reverse the district court's grant of summary judgment for the Commissioner. But because significant questions remain as to Mr. Miranda's residual functional capacity, we affirm the denial of summary judgment for Mr. Miranda and remand to the district court with instructions to remand to the Social Security Administration for further proceedings.

We review de novo a district court order affirming a denial of Social Security benefits. *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014). We uphold the Commissioner's decision to deny benefits only if that decision is both supported by substantial evidence and free of legal error. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

1.      Generally, an ALJ must address each medical opinion in the record, especially those of treating or examining physicians. A treating physician's opinion typically receives more weight than the opinion of an examining but nontreating physician, which in turn receives more weight than a nonexamining physician's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). If a treating or examining physician's opinion is contradicted by another physician, the ALJ may reject the former only by "providing 'specific and legitimate reasons' supported by substantial

2

evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ must "explicitly reject [each] medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another." *Garrison*, 759 F.3d at 1012. The ALJ also errs by rejecting a specialist physician's opinion "without substantiated grounds for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). On the other hand, the ALJ need not address evidence that is "neither significant nor probative." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam).

2.      John Warbritton was an orthopedic specialist who examined Mr. Miranda at the behest of California's State Compensation Insurance Fund. During the examination, he noted that Mr. Miranda demonstrated poor effort on two tests—of his grip strength and his ankles' range of motion—and further remarked that Mr. Miranda had multiple somatic complaints during the process. Nevertheless, Dr. Warbritton diagnosed Mr. Miranda with two spinal strains (cervical and lumbar), strains of both shoulders, left-knee patellofemoral syndrome (also called "runner's knee") with atrophy of the left quadriceps, and myofascial pain syndrome. He restricted Mr. Miranda from pulling or pushing over 10 pounds until he recovered from these injuries.

3.      Mr. Miranda contends that the ALJ erred by failing to state how much weight he gave, if any, to Dr. Warbritton's opinion. The Commissioner responds that Dr. Warbritton's opinion was neither significant nor probative. We disagree. At the time

3

of the examination, Dr. Warbritton was a board-certified orthopedic surgeon. He personally examined Mr. Miranda. It is true that Mr. Miranda demonstrated poor effort on two tests, and perhaps those tests lack probative value. But the examination was far more thorough than just administering those two tests. And Dr. Warbritton opined that, despite those instances of poor effort, Mr. Miranda had objective symptoms affecting several parts of his body. He specifically restricted Mr. Miranda from pushing or pulling over 10 pounds.

All of this is significant, probative evidence of disability. The ALJ therefore erred both by failing to assign it weight, *Garrison*, 759 F.3d at 1012, and by effectively rejecting a specialist's opinion "without substantiated grounds for doing so," *Smolen*, 80 F.3d at 1288.

4.    Because there remains a "need to resolve conflicts and ambiguities" about Mr. Miranda's residual functional capacity, we do not remand for an award of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). We instead remand for the district court to order further administrative proceedings consistent with this opinion.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**