John R. ISHAM, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant—Appellee.

No. 04–36047.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2005.

Decided Jan. 9, 2006.

Robert Baron, Esq., Cram, Harder, Wells & Baron, P.C., Eugene, OR, for Plaintiff–Appellant.

Craig J. Casey, Esq., USPO—Office of the U.S. Attorney, Mark O. Hatfield U.S. Courthouse, Portland, OR, for Defendant–Appellee.

Before: D.W. NELSON and O'SCANNLAIN, Circuit Judges, and BURNS,* District Judge.

## MEMORANDUM **

John Isham appeals a decision by the district court affirming a determination by the Commissioner of Social Security that Isham was ineligible for disability benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401–433. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Isham alleges that the ALJ improperly failed to address the medical opinion offered by Dr. Mark Lyon, a physician Isham visited several times after the period of time when Isham alleges he was suffering from disabilities. First, while the ALJ did not mention Dr. Lyon by name, the ALJ did address each of the symptoms Isham was reporting and the causes of those symptoms, which constituted the core of Dr. Lyon's opinions and diagnosis.

■ Second, even if the ALJ had failed to address Dr. Lyon's opinion, such a failure would be harmless error because there were strong reasons to reject Dr. Lyon's opinion. The testimony of a treating physician is given special deference, *Lester v. Chater*, 81 F.3d 821, 832–33 (9th Cir.1995), and Isham argues that Dr. Lyon is his treating physician. We need not decide whether Dr. Lyon was Isham's treating physician because there were reasons to reject Dr. Lyon's opinions even if he was regarded as the treating physician.

When there is disagreement with the opinions of a treating physician, the treating physician's opinion may be rejected so long as the ALJ provides "specific, legitimate reasons for doing so." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.1983). The ALJ provided such reasons by discussing the reasons all of the other doctors in this case had for rejecting the conclusions reached by Dr. Lyon.

■ Isham also argues that the ALJ was incorrect to ignore the statements Isham made regarding the symptoms from which he was suffering. If the ALJ decides not to accept claimant testimony, there must be "specific, cogent reasons for the disbelief." *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir.1990). The ALJ noted such specific reasons by discussing the diagnoses offered by all of the doctors. These diagnoses, with the exception of the diagnosis offered by Dr. Lyon, rejected any medical conditions which would have caused Isham to suffer from the intensity of the symptoms he mentioned. The ALJ also discussed the sorts of rigorous physical activities Isham was undertaking, which were inconsistent with the severity of the symptoms Isham reported. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir.1996).

■ Isham argues that the ALJ was also incorrect to reject the testimony offered by his wife. Family member testimony can be disregarded if the ALJ provides "specific reasons." *Regennitter v. Commn'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1298 (9th Cir.1999). In this instance, the ALJ noted that Isham's wife had testified to the limitations Isham faced as a result of chronic sleepiness and other

---

* The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

476

symptoms. However, the ALJ provided specific reasons for rejecting the statements by Isham's wife. Specifically, the ALJ determined that Isham performed intense physical activities inconsistent with the symptoms referenced by Isham's wife.

█ Finally, Isham argues that he was not capable of returning to work as a tank truck driver. Isham had the burden of demonstrating that he could not return to his previous employment. *Barnhart v. Thomas,* 540 U.S. 20, 25, 124 S.Ct. 376, 157 L.Ed.2d 333 (2003) ("[T]he SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled."). Isham's testimony regarding the types of physical activities he was engaged in during the time period of his alleged disability indicates he was performing the types of tasks he performed as a tank truck driver, and therefore Isham failed to meet this burden.

AFFIRMED.