Harold KENNEDY, Plaintiff–Appellant,

v.

Michael J. ASTRUE, Commissioner of Social Security Administration, Defendant–Appellee.

No. 08–35948.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 2009.*

Filed Oct. 8, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

D. James Tree, Tree Law Office, Yakima, WA, for Plaintiff–Appellant.

Stephanie R. Martz, Esquire, SSA–Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: D.W. NELSON, SILVERMAN and IKUTA, Circuit Judges.

### MEMORANDUM **

Harold Kennedy appeals the district court's order affirming an Administrative Law Judge's determination that he is not disabled and therefore not entitled to Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–83. We have jurisdiction under 28 U.S.C. § 1291 and review the district court's order affirming the ALJ's denial of social security benefits de novo, *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005).

■ At steps four and five of the Social Security Administration's sequential process for evaluating claims of disability, *see* 20 C.F.R. § 416.920, the ALJ determined that Kennedy has a residual functional capacity for light work. In reaching this determination, the ALJ rejected the opinions of two treating physicians because, he said, a June 28, 2004 x-ray of Kennedy's lumbar spine showed only mild disc degeneration. However, the radiologist's report indicates that the x-ray actually shows moderate to severe disc degeneration at the L2–3 level. This factual error flaws the ALJ's rationale for rejecting the treating physicians' opinions. *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995) (citing *Murray v. Heckler,* 722 F.2d 499, 502 (9th Cir.1983)).

■ Furthermore, the ALJ found that Kennedy had provided objective evidence of an impairment that could cause pain, but discredited Kennedy's testimony regarding the severity and limiting effects of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

his pain because he takes only over-the-counter medication. Contrary to that finding, the record shows that Kennedy takes prescription-strength ibuprofen and amitriptyline for his back pain. *Lester*, 81 F.3d at 834.

The ALJ predicated his ultimate ruling that Kennedy is not disabled upon these erroneous findings. We therefore reverse the order of the district court and remand with directions to order the ALJ to reassess Kennedy's claim.

REVERSED AND REMANDED.

IKUTA, J., dissenting.

Although the ALJ made two factual errors in stating his reasons for discrediting the testimony of Kennedy and Dr. Bothamley (one of his treating physicians), our analysis cannot stop there; we must still determine "whether the ALJ's decision remains legally valid, despite such error." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir.2008); *see also Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir.2004). In this case, the ALJ's errors were harmless. The ALJ identified specific, cogent facts supporting its credibility decision, such as the disparity between Kennedy's statements and his medical records. Moreover, the ALJ's reasons for rejecting Dr. Bothamley's disability conclusion were specific, legitimate, and supported by substantial evidence, including the ALJ's determination that Dr. Bothamley's treatment notes were inconsistent with his written statement regarding Kennedy's level of disability. Because the ALJ's reasoning, other than the narrow misstatements about Kennedy's ibuprofen use and lumbar-spine degeneration, were adequately supported by substantial evidence in the record, "the

ALJ's error ... was inconsequential to the *ultimate nondisability determination*." *Carmickle*, 533 F.3d at 1162 (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir.2006)). Because the errors identified by the majority were harmless, I would affirm the order of the district court.