**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNIFER HOOTMAN, | No. 11-35924 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-01168-AC |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted November 7, 2012[**]
Portland, Oregon

Before: ALARCÓN, McKEOWN, and PAEZ, Circuit Judges.

Jennifer Hootman appeals from the district court's judgment affirming the

Commissioner's denial of her applications for Social Security disability insurance

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and Supplemental Security Income benefits. Hootman argues that the ALJ erred in discounting the opinion of her treating psychologist, her own testimony, and evidence from lay witnesses; that the ALJ failed to develop the record; that the ALJ failed to consider that Hootman's impairment equaled the relevant disability listing; and that the hypothetical posed to the vocational expert failed to incorporate salient limitations. Reviewing de novo, we affirm.

**1.** The ALJ properly discounted the opinion of Hootman's treating psychologist because his opinion was inconsistent with other medical evidence, including the opinion of the examining psychologist. These inconsistencies constituted "'specific and legitimate reasons' supported by substantial evidence in the record" for discounting the treating psychologist's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (quoting *Murray v. Heckler,* 722 F.2d 499, 502 (9th Cir. 1983)).

**2.** The record supports the ALJ's decision discrediting Hootman's testimony. The ALJ made "specific findings" that Hootman's testimony lacked credibility, *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226-27 (9th Cir. 2009), and the ALJ based the adverse credibility finding on "clear and convincing reasons," *Carmickle v. Comm'r*, *Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008) (internal quotation marks omitted). The ALJ found that "[a] number of

doctors and medical sources have found problems with the claimant's credibility," and that contrary to Hootman's testimony that she could not work, Hootman "has had the ability to perform a wide range of daily activities."

**3.** Substantial evidence supported the ALJ's decision to discount the submissions of Hootman's friends and family that are inconsistent with her description of the severity of her impairments. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). The ALJ noted that their submissions were inconsistent with the medical evidence, which is a "germane" reason for discounting lay witness evidence. *Id.*; *see Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.")

**4.** The ALJ complied with her duty to develop the record by leaving the record open for supplemental evidentiary submissions. "Ambiguous evidence . . . triggers the ALJ's duty to conduct an appropriate inquiry." *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir. 2001) (quotation marks and citation omitted). "The ALJ may discharge this duty in several ways, including: . . . keeping the record open after the hearing to allow supplementation of the record." *Id.* (citation omitted). While the medical expert's testimony was somewhat equivocal, the ALJ

specifically left the record open to allow Hootman to supplement the record and, if warranted, to request an additional hearing. Hootman did neither.

**5.** There was no objective evidence to show that Hootman's condition equaled the relevant listed impairments. "A finding of equivalence must be based on medical evidence only." *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(d)(3)). Here, the ALJ considered all the relevant evidence in determining whether Hootman met the listed criteria and there were no additional compounding impairments, nor additional objective or medical evidence, that could have enabled Hootman to equal the listings. *See Young v. Sullivan*, 911 F.2d 180, 185 n.2 (9th Cir. 1990); *see also Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

**6.** The hypothetical posed to the vocational expert was not deficient in light of the ALJ's other evidentiary rulings. In framing the hypothetical, the ALJ is "not required to incorporate evidence" from treating physicians or the claimant that was "permissibly discounted." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). Here, the ALJ properly excluded restrictions that were based upon discounted evidence and testimony, namely the restrictions that were only supported by the submissions of the treating psychologist, the lay witnesses, or Hootman's own testimony—all of which the ALJ properly discounted.

**AFFIRMED.**