NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHERRIE L. BERG,<br><br>              Plaintiff-Appellant,<br><br>    v.<br><br>ANDREW M. SAUL, Commissioner of<br>Social Security,<br><br>              Defendant-Appellee. | No.    19-35879<br><br>D.C. No. 3:18-cv-05348-TLF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Submitted November 17, 2020[**]
Seattle, Washington

Before:  GOULD and FRIEDLAND, Circuit Judges, and BOUGH,[***] District
Judge.

Sherrie Berg ("Berg") appeals from the district court's order affirming the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

denial of her application for disability insurance benefits under the Social Security Act. The administrative law judge ("ALJ") determined that Berg did not suffer from any severe mental impairments. And while the ALJ found that Berg suffered from several severe physical impairments, the ALJ ultimately determined that Berg was not disabled. The district court affirmed, and we have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

We review the district court's order *de novo* and reverse only if the underlying ALJ decision "was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012*), superseded by regulation on other grounds*.

The ALJ erred in giving "significant weight" to the opinion of Dr. Carver, a non-examining physician. The ALJ's reliance on Dr. Carver's opinion was not supported by substantial evidence because Dr. Carver failed to address certain treatment notes that contradicted his testimony and documented significant mental health findings.

For example, Dr. Carver testified that although Berg's medical records from November 2004 through December 2008 included "discussion of possible paranoid personality disorder" and mention of a "panic disorder," they did not refer to any mental health treatment other than a prescription for Celexa in May 2008. But that testimony was inconsistent with treatment notes prepared by Dr. Johnson, Berg's

2

treating physician during the relevant time.  Her notes from October 2004 indicated that Berg "has had a major depressive disorder for some time now" and that Dr. Johnson had prescribed Berg Wellbutrin.  Moreover, throughout September 2008, Dr. Johnson's treatment notes referred to  Berg's "depression," "depressed affect," and "paranoia."  Dr. Carver's testimony was therefore *not* consistent with the longitudinal record because his testimony did not address these important clinical findings.  *See Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995), *as amended* (Apr. 9, 1996) ("In the absence of record evidence to support it, the nonexamining medical advisor's testimony does not by itself constitute substantial evidence that warrants a rejection of either the treating doctor's or the examining psychologist's opinion.").

The ALJ also erred in rejecting Dr. Lima's opinion.  Dr. Lima, who succeeded Dr. Johnson as Berg's treating physician in 2014, diagnosed Berg with anhedonia, which prevented Berg from adhering to treatment plans; paranoid thoughts, which interfered with Berg's ability to take medication and made her less likely to seek or adhere to treatment; and severe depression.  Because of these impairments, Dr. Lima opined that Berg would be off task twenty-five percent or more of the time, incapable of even "low-stress" work, and expected to miss more than four days of work per month.

Because Dr. Lima was a treating physician, the ALJ could reject her opinion

3

only by providing "specific [and] legitimate reasons" supported by substantial evidence in the record. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). The ALJ discounted Dr. Lima's opinion because it was "not consistent with the longitudinal record" and because it was contradicted by Dr. Carver's testimony.

These reasons were not supported by substantial evidence. As noted above, Dr. Carver's testimony omitted treatment records indicating that Berg suffered from depression and other significant mental health impairments. Moreover, the ALJ failed to address or account for these findings in evaluating the medical record. Thus, the ALJ erred in relying on Dr. Carver's flawed testimony and by failing to provide "specific and legitimate reasons," supported by substantial evidence, to give "limited weight" to Dr. Lima's opinion. *Revels v. Berryhill*, 874 F.3d 648, 663 (9th Cir. 2017). The ALJ also erred to the extent that he failed to credit the opinions of Dr. Wheeler and Dr. Tarantino based on Dr. Carver's testimony and an incomplete evaluation of the medical record.

These errors were not harmless. Even though the ALJ permitted Berg's claim to proceed past step two based on a finding that she suffered from severe physical impairments, the errors resulted in a residual function capacity assessment ("RFC") that excluded the significant limitations caused by Berg's depression and other mental impairments. That RFC, in turn, resulted in the ALJ's non-disability determination. Far from being "irrelevant to [her] nondisability finding," the

4

ALJ's errors prejudiced Berg and thus do not constitute harmless error. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

We remand so the agency may conduct further proceedings under the "ordinary remand rule." *Triechler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). On remand, the ALJ is directed to reevaluate the entire medical record in light of this disposition.

**REVERSED AND REMANDED.**